■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANIBAL RODRIGUEZ, Respondent.—Order, Supreme Court, New York County, rendered April 11, 1978, setting aside a jury verdict of conviction of criminal possession of a weapon, reversed, on the law, the verdict reinstated, and the case remanded to Supreme Court, New York County, for further proceedings. We need not review the stop made by police of an automobile driven by codefendant Beauchamp, in which defendant was a passenger; it has not been challenged. Beauchamp, the driver, had both hands on the wheel and was looking straight forward when the car was halted. Both occupants were ordered out. When defendant left the front passenger seat, a revolver was seen on the floor, half under the seat, midway in its width. The driver denied having any knowledge of a gun, and indeed a console on the floor occupied the space between the two front bucket seats. The driver testified to having been riding with defendant, his brother-in-law, as his passenger, and had stopped to take aboard a friend of defendant. The friend sat in the back seat for a short distance and then he and defendant left the car briefly. The latter returned shortly, alone, just before arrival of the police. The jury, which received the case against both on a charge of the presumption of possession of subdivision 3 of section 265.15 of the Penal Law, convicted defendant and acquitted Beauchamp. The court, on defendant's motion, set aside the verdict on three separate bases, none of which, in our view, has validity. One ground addressed the statutory presumption of subdivision 3 of section 265.15. On the holding of *Allen v County Ct., Ulster County* (568 F2d 998) that the statute is unconstitutional, the court set aside the verdict. But *Allen* has since been reversed *(sub nom. Ulster County Ct. v Allen, 442 US 140)* by the United States Supreme Court. In any event, the court's charge had defined the presumption in permissive terms. The court set aside the verdict for yet another reason, finding insufficient evidence to connect defendant with the weapon. If the jury applied the presumption, as obviously it did, there was more than sufficient evidence pointing to defendant to justify the conclusion of the jury that the gun was defendant's. Further, the court considered the split verdict inconsistent. It was not: Beauchamp,

the driver, had given an exculpatory explanation concerning his lack of relationship with the gun, and it was sufficient to rebut the presumption as to him. The jury apparently had believed that, while Beauchamp did not see the gun or know of its presence, defendant, who had twice entered and twice exited the vehicle, could not but have known it was on the floor on his side of the car. Concur—Murphy, P. J., Birns, Fein, Markewich and Lupiano, JJ.