■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. HOWARD, Appellant.—Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: Appellant was convicted, after a jury trial, of one count of criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [1]). The evidence indicates that undercover agents of the Rochester Police Department approached James Jett for the purpose of acquiring a pistol. Together with Jett the undercover agents drove to appellant's store in Canandaigua. Jett approached appellant, and after a short conversation, reached into a nearby automobile registered to appellant and retrieved an operable .38 caliber revolver. The undercover agents were not able to overhear the conversation between Jett and appellant and there is no evidence of what was said. The agents did, however, purchase the revolver from Jett for $150. Two days later appellant and Jett were arrested in Rochester. Prior to appellant's trial, Jett pleaded guilty to possession of the weapon. Neither Jett nor appellant testified at appellant's trial. Evidence was introduced, however, of an admission that appellant made to a police officer in which he claimed that he had found the pistol in his deceased father's effects and had merely given it to Jett when Jett asked for it. The Trial Judge charged the jury that they could find the appellant guilty of the crime charged on either of two theories. He told the jury that they could convict if they found that appellant had actually or constructively possessed the weapon, and that they could convict if they found that appellant had acted as an accessory to Jett's illegal possession. In charging, over the appellant's objection, accessorial conduct and in refusing to charge criminal facilitation the Trial Judge erred. Guilt as an accessory assumes conduct on the part of the principal for which criminal liability normally attaches. In this case, in order to prove appellant's guilt as an accessory, it was incumbent upon the prosecutor to prove that Jett committed the crime of criminal possession of a weapon. The prosecution did, of course, introduce evidence that Jett possessed, and indeed sold, the pistol, and that he had no license to possess it. The prosecution did not prove, however, that defendant Howard knew that Jett did not have a license to possess the gun. On this record the jury might have concluded that appellant did not know that Jett's possession would be unlawful, but merely believed it probable that such would be the case. If the jury so believed, and further found that instead of intentionally aiding Jett to commit a crime he merely indifferently provided Jett with the means to commit the crime, it could have convicted him of facilitation *(People v Valentin,* 73 AD2d 558). Since there is no evidence that Howard knew that he was aiding Jett to commit a crime, the trial court erred in charging that defendant could be found guilty

as an accessory. Rather, the trial court should have charged the jury that Howard could only be found guilty either as a principal or as a facilitator. Although the distinction between these two crimes is somewhat blurred in a case where the underlying predicate crime is *malum prohibitum* and does not include the element of criminal intent, it nonetheless exists. A person who intentionally and knowingly aids another person to commit a criminal act is certainly more culpable than a person who indifferently provides another person with the means or opportunity to do so (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 115.00, p 324). In this case, therefore, criminal facilitation should have been charged (CPL 300.50; *People v Henderson,* 41 NY2d 233). (Appeal from judgment of Ontario County Court—criminal possession weapon, third degree.) Present—Cardamone, J. P., Simons, Schnepp, Callahan and Witmer, JJ.