OPINION OF THE COURT
Harry W. Davis, J.
Defendant was convicted by a jury of the crime of criminal possession of a controlled substance in the fourth degree. He now moves pursuant to CPL 330.30 (subd 1) to set aside the verdict. Essentially this section provides that such a motion may be made on any ground appearing in the record which, if raised on appeal, would require a reversal. Defendant has raised two issues: One, that the evidence was insufficient to support the guilty verdict for two reasons: (a) a legally insufficient chain of custody of the contraband and (b) that the circumstantial evidence was not sufficient to support the verdict and secondly, that the court’s charge violated defendant’s due process rights since it impermissibly shifted the burden of proof to him.
We start with an analysis of issue (a). It is urged that in order to find that the glassines were the same as those recovered in the car, the jury was required “to make a leap of faith.” I find that defendant’s argument ignores the testimony that established the chain of custody. Detective *966 Gallo testified that he removed the contraband which consisted of 77 glassine envelopes from the defendant’s car together with the black eyeglass pouch in which they were found, that he numbered the glassines 1 through 77 and placed his initials on each envelope, that he placed them, together with the other items seized, in a plastic bag which was sealed and vouchered. These went into evidence as Exhibit No. 3 with subdivisions (a), (b), (c) and (d) for those and other items in the sealed bag. Police Chemist Gaceta testified that he received the plastic bag on December 7, 1979 (less than three days after the arrest), that it was still sealed and locked at the time of receipt and that he opened one side in order to make his analysis of the contents in the glassines. The entire bag remained in his sole possession and the glassines all bore Detective Gallo’s number and initials. There was nothing in this chain that rendered this exhibit inadmissible. In People v Porter (46 AD2d 307, 311), the evidence was admitted because the proof established the two basic requirements for showing authenticity, namely, that there existed “reasonable assurances of identity and unchanged condition”. In People v Julian (41 NY2d 340, 344) it was said: “We believe that a chain in custody should be tested not by the satisfaction of technical series of steps, but by whether the proof satisfies the rationale for requiring an evidentiary foundation.” I am satisfied that a satisfactory foundation existed for the admissibility of the contraband.
In his point (b), defendant urges that proof of two of the elements of the crime charged were circumstantial in nature and that they fell short of the proof required. Specifically, he refers to the element of the crime “knowingly possesses”. In this connection, the facts should be briefly reviewed. Defendant was the driver and sole occupant of the car in which the contraband was found. Attention was drawn to the car when it backed up diagonally across the intersection of 123rd Street and Lexington Avenue. Detective Gallo requested the ownership and identification. Defendant told Gallo that he bought the car a week before and did not have the papers for it. Police Officer Bier (Gallo’s partner in the unmarked police anticrime vehicle) observed in open view the black eyeglass pouch on the *967 driver’s seat but to the rear of it. The zipper top was open and the glassine envelopes with white powder in them were visible. The jury had a right to believe defendant owned the car since he told Detective Gallo that he purchased it a week before. Moreover, at the time of his arrest he removed some personal articles from the car. Knowingly is described in subdivision 2 of section 15.05 of the Penal Law. What it really means is that one has an awareness of his own conduct or the existence of specified acts or circumstances. If the jury believed this and obviously they did, they could take a step further and find that he knowingly possessed everything that was in the car. “Knowledge, of course, may be shown circumstantially” and “Generally, possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is in his hands, on his person, in his vehicle, or on his premises” (People v Reisman, 29 NY2d 278, 285). In People v Schriber (34 AD2d 852, 853, affd 29 NY2d 780) it was said: “[M]ere access by other persons is insufficient to defeat a charge of constructive possession”. Additionally, the “presumption” of section 220.25 of the Penal Law was explained to the jury and that they need not presume possession by reason of the statute but rather that the burden of proof was on the People and that they (the jury) had a right to infer or not to infer possession from the fact that the contraband was in the car and from the other facts in the case.
It is further urged that the totality of this evidence before the jury was not sufficient. The jury concluded from the facts however that the fair (and only) inference was that defendant knowingly possessed the contraband. In People v Reisman (supra, p 287), the Court of Appeals quoted with approval from an Illinois case (People v Nettles, 23 Ill 2d 306, 308) as follows: “ ‘Human experience teaches that narcotics are rarely, if ever, found unaccountably in a person’s living quarters’ ” and then added: “Indeed, the language applies with even greater force to possession on or about the person.”
Defendant’s reliance on the use and value of circumstantial evidence is misguided. People v Wachowicz (22 NY2d 369, 372) tells us: “In the end, it is a question whether *968 common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inferences asserted for the established facts.”
The last issue raised is contained in counsel’s Point II. He urged that the jury was charged “that since defendant had submitted no proof” that the exceptions contained in section 3305 of the Public Health Law “was applicable to this case, the jury if it found possession must find that it was unlawful.” This is not what appears in the minutes. However, the issue raised is interesting on the question of whether the burden of proof shifts to the defendant in drug cases so as to require him to prove that it was lawful for him to possess narcotics.
Subdivision 2 of section 220 of the Penal Law states, “ ‘Unlawfully’ means in violation of article thirty-three of the public health law.” Article 33 of the Public Health Law concerns itself with controlled substances. Section 3304 makes it unlawful to manufacture, sell or possess a controlled substance except as prescribed in article 33. Section 3305 enumerates the exceptions under this article and subdivision 1 of section 3396 of the Public Health Law provides in part that in any civil or criminal action, the burden of proof of any exception shall be on the person claiming its benefit. The issue is: Does this place on the defendant the burden of proving that his possession of a controlled substance was lawful?
Statutory presumptions appear frequently in criminal cases. All they mean of course is that inferences may be made by juries from certain facts before them.
In Yee Hem v United States (268 US 178, 182), plaintiff in error was charged with the offense of concealing a quantity of opium after importation. The statute provided, among other things, that whenever the defendant is shown to have possession of such opium “ ‘such possession shall be deemed sufficient evidence to authorize conviction unless the defendant shall explain the possession to the satisfaction of the jury.’ ” The trial court charged the jury in substance that the burden of proof was on the accused to rebut such presumption and that it devolved upon him to explain that he was rightfully in possession of the opium — *969 “ ‘at least explain it to the satisfaction of the jury.’ ” In affirming the conviction, the Supreme Court held (supra, p 185) that the statute does “no more than to make possession of the prohibited article prima facie evidence of guilt.”
Casey v United States (276 US 413) was another case where the government relied on a presumption to establish the guilt of the accused. Mr. Justice Holmes stated in an affirming opinion (p 418): “With regard to the presumption of the purchase of a thing manifestly not produced by the possessor, there is a ‘rational connection between the fact proved and the ultimate fact presumed.’ *** Furthermore there are presumptions that are not evidence in a proper sense, but simply regulations of the burden of proof.”
In Tot v United States (319 US 463, 464) however the court pointed out that a presumption which shifts the burden of proof to a defendant violates the due process clauses of the Fifth and Fourteenth Amendments. In that case the Federal Firearms Act was before the court. The act provided in part that “possession of a firearm * * * by any such person [who has been convicted of a crime of violence] shall be presumptive evidence that such firearm *** was shipped *** [in interstate *** commerce]”. The court held (supra, p 467) that juries must be permitted to infer from one fact the existence of another essential to guilt “if reason and experience support the inference.” Concluding that there was no rational connection between the facts proved and the facts presumed, a connection grounded in “common experience”, the court held the statute unconstitutional.
Later in Leary v United States (395 US 6, 36) a Federal statute, which provided that mere possession of marihuana shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury, was held unconstitutional, the court stating that “a criminal statutory presumption must be regarded as ‘irrational’ or ‘arbitrary,’ * * * unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.”
*970 Turner v United States (396 US 398) involved a violation of Federal narcotics laws which provided in part that possession of a narcotic drug shall be sufficient evidence to authorize conviction for trafficking in illegally imported narcotic drugs unless defendant explains his possession to the satisfaction of the jury. The jury was instructed that it could infer from defendant’s unexplained possession that the heroin he possessed was unlawfully imported and that the statute did not place impermissible pressure on him to testify in his own defense.
However, in Barnes v United States (412 US 837) the court dealt with a different presumption. The jury was instructed (pp 839-840): “‘Possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference *** that the person in possession knew the property had been stolen.’ ” It was there found that the presumption was well founded in history, common sense and experience and therefore clearly sufficient to enable the jury to find beyond a reasonable doubt that those in the unexplained possession of recently stolen property know it to have been stolen.
The Barnes court concluded that the teachings of these and other prior cases were not altogether clear but that the presumption in Barnes v United States (supra, p 845) was well founded in history, common sense and experience and was therefore “clearly sufficient to enable the jury to find beyond a reasonable doubt” that those in the possession of recently stolen property know it to have been stolen.
The single thread that seems to pervade most presumption cases is that the presumption to be valid must be at least “ ‘a rational connection between the fact proved and the ultimate fact presumed’ ” (supra, p 841). In Leary v United States (395 US 6, 36, supra), the court said: “a criminal statutory presumption must be regarded as ‘irrational’ or ‘arbitrary,’ and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.”
It is certainly more rational to infer that drugs in glassine envelopes contained in an open pouch in a car at *971 123rd Street and Lexington Avenue are unlawfully possessed, rather than to infer that they were awaiting to be dispensed by a physician or that it was possessed by the pharmacist awaiting the physician’s prescription. Common knowledge and common experience are subject to constant change. In People v McRay (51 NY2d 594, 604), Chief Judge Cooke stated: “If in the past the glassine envelope was a ‘telltale sign of heroin’, it can now be deemed the hallmark of an illicit drug exchange.” This is not to say that constitutional protections should now be abandoned or that the burden of proof should shift to the defendant in a criminal case.
In People v Laietta (30 NY2d 68, 75) the court stated: “It is old law that presumptions, burdens of going forward, and burdens of persuasion in criminal cases may be placed on defendants. To be sure, the prosecution must have first proved enough of its case, and there must be justifying reason to shift the burden either because knowledge of the facts is peculiar to the defendant or the onus is based on probabilities of wrongdoing.” There is no greater burden for a defendant to raise a defense to “unlawfully” in a drug case than there is to raise in the defense of “justification” in other cases. In neither instance does the burden of proof shift but if raised the People are then required to prove the contrary beyond a reasonable doubt.
The defendant not having raised this issue at trial should not be heard to complain now. The motion is in all respects denied.