*51 OPINION OF THE COURT
Nicholas Coffinas, J.
This matter concerns defendants’ motion to dismiss the pending indictment pursuant to CPL 210.30 and 210.20 (subd 1, par [b]).
As to defendant Ernest Wade, the court finds that the evidence presented to the Grand Jury was legally sufficient to establish the commission by the defendant of the offense charged or any lesser included offense and the instructions on the law were not improper, in light of the overwhelming evidence against him. Defendant Wade’s motion to dismiss the indictment is, therefore, denied.
As to defendant James Clancy, after an in camera reading of the Grand Jury minutes the court has found that the evidence before the Grand Jury was not legally sufficient to establish the commission by this defendant of the offense charged or any lesser included offense. Defendant Clancy’s motion to dismiss the pending indictment is, therefore, granted as to him.
Defendants Wade and Clancy stand before the court charged with the felony of criminal possession of a weapon in the third degree. The basis upon which this charge is predicated is the testimony by a police officer before the Grand Jury of his finding a gun and bullets in a glove compartment located in the front of a car which he stopped for a defective brake light. When defendant Wade, who was the driver of the vehicle, opened the glove compartment to present the car papers the officer noticed the gun and bullets and seized same. The officer testified that defendant Clancy was sitting in the back seat at the time. The officer also testified that defendant Wade admitted to him the ownership of the gun, while defendant Clancy denied any knowledge of the gun and bullets. Neither defendant testified in the Grand Jury and the only evidence presented was that as has been outlined.
The District Attorney seeks to sustain the charge as against both defendants on the basis of section 265.15 of the Penal Law’s “[p]resumptions of possession”. The District Attorney so charged the Grand Jury.
Under the authority, however, of Rakas v Illinois (439 US 128) and United States v Salvucci (448 US 83), this *52 possessory presumption cannot be here constitutionally applied as to defendant Clancy.
Rakas v Illinois (supra) specifically held that a mere passenger in an automobile does not have standing to contest an allegedly illegal search of the vehicle. Some nexus between the passenger and the particular area of the automobile searched must be shown before it could be said that the passenger had the necessary “legitimate expectation of privacy” (p 143) in order to be conferred standing. And this nexus would be required even when a person is charged with a possessory crime. (See United States v Salvucci, supra.) New York has through decisional law adopted the rule of Rakas and Salvucci. New York follows the rule set forth in United States v Salvucci, which holds “that a defendant charged with a possessory crime may only contest an allegedly illegal search and seizure if he had a legitimate expectation of privacy’ in the area searched.” (People v McCloud, 81 AD2d 645, 646.)
How then can it be logically argued that a mere passenger in an automobile lacks a legitimate expectation of privacy therein and yet also contend that this mere passenger should be imputed with knowledge and possession of a gun found anywhere in the car? This court would require the same nexus between the passenger and the automobile required for standing in order to constitutionally apply the possessory presumption of section 265.15 of the Penal Law.
As to defendant Clancy, therefore, the facts as presented to the Grand Jury fall far short of showing the necessary nexus and, thus, do not form an adequate factual predicate upon which the statute can constitutionally operate. There was no evidence presented to the Grand Jury that defendant Clancy had any relationship to the driver or to the automobile. The gun and bullets were found in the glove compartment in the front of the car. Mr. Clancy was sitting in the back when the gun was discovered and there was no evidence that he was ever in the front of the car. It was not shown that Wade and Clancy had had any prior relationship nor was it contended that Mr. Clancy owned the vehicle in question or had any right to operate it or any rights vis-a-vis the unopened glove compartment or anything inside it. Indeed, it was the driver, Mr. Wade, who *53 the officer directed to pull the car over and it was he who opened the previously closed glove compartment in order to present the officer with the car ownership papers. Furthermore, there was no evidence presented as to any fingerprints on the gun or as to any use of the gun by Mr. Clancy. It is to be noted that the vehicle was not alleged to be stolen nor is it contended that the defendants were involved in any criminal activity at the time that the vehicle was stopped. In short, there was nothing alleged which could have logically put defendant Clancy on notice as to the contraband in question. No essential element of a crime can be proved by a presumption “unless it can * * * be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.” (Leary v United States, 395 US 6, 36.) There was here no rational connection between the fact proved — the finding of the gun in the glove compartment — and the ultimate fact presumed — defendant Clancy’s knowledge and possession of the gun. When “[t]he evidence before the Grand Jury * * * [is] * * * solely * * * circumstantial * * * [it] * * * must logically point to the defendant’s guilt and * * * exclude to a moral certainty every reasonable hypothesis of innocence”. (People v Miller, 54 AD2d 742.)
Since the “automatic standing rule” enunciated in Jones v United States (362 US 257) has been abolished in the standing area, so too must the “automatic possession rule” of section 265.15 of the Penal Law give way when the facts of a particular case demonstrate the irrationality and constitutional infirmity of the operation of the rule.
Indeed, defendant Clancy would under the facts presented clearly lack standing to contest the method by which the vehicle was stopped and searched. This court will not, then, permit the conclusion that a mere passenger, as Mr. Clancy, has such a tenuous relationship with the vehicle as to have for purposes of standing no cognizable concern as to the basis for its seizure and subsequent search and yet on the other hand impute to him knowledge and possession regarding any gun which might be found anywhere in the car in which he had such a tenuous relationship. Due process of law would not permit such a *54 result, especially where, as here, there was no instruction to the Grand Jury as to the rebuttable nature of the presumption. (See Sandstrom v Montana, 442 US 510; Patterson v New York, 432 US 197; Mullaney v Wilbur, 421 US 684.)
The application of the possession presumption as to defendant Wade, however, may be constitutionally and rationally applied since this defendant as the driver of the vehicle and the one to whom the officer directed to pull over would have standing to contest the stop and search in question. Indeed, it was defendant Wade who, as noted above, opened the compartment in question. He most certainly had that degree of relationship to the vehicle and the searched area to warrant the operation as against him of the possessory presumption enumerated in section 265.15 of the Penal Law. And the overwhelming evidence against this defendant, including his alleged admission to the police officer as to his ownership of thé gun, served to render the District Attorney’s lack of explanation as to the nature of the presumption a harmless omission.