██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEWAYNE DAVIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Pizzuto, J.), rendered March 5, 1982, convicting him of criminal possession of stolen property in the second degree, criminal possession of stolen property in the third degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was indicted for criminal possession of stolen property in the second and third degrees and criminal possession of a weapon in the third degree after two police officers stopped a car in which he was a passenger, upon observing that it had an expired inspection sticker, and discovered certain stolen property and weapons therein. When the police initially signaled to the vehicle to pull over at approximately 7:30 P.M. on December 15, 1980, the occupants of the car drove another three blocks before stopping. As the officers approached the car on foot, one of them observed a gun being thrown out of the car window on the passenger side. (The defendant was acquitted on the count charging him with possession of such weapon.) Then, when that officer looked inside at the four male occupants of the vehicle, he observed a pocketbook in plain view on the front floor of the passenger side of the car. During the ensuing search of the car, the officers recovered a sawed-off shotgun and a .32 caliber revolver, both of which were loaded, from the floor underneath the front bench seat on the driver's side. The defendant was seated in the back directly behind the driver. The police also recovered a wallet containing several credit cards and a watch from the glove compartment, which was unlocked. It was later determined that the owner of the pocketbook and the owner of the watch, wallet and credit cards had each been robbed that same night at approximately 7:00 P.M. in a neighborhood which was located approximately one mile from the place where the police stopped the car in which the stolen property was found.

The defendant contends, *inter alia,* that the permissive presumption of possession contained in subdivision 3 of section 265.15 of the Penal Law, which the trial court charged to the jury, is unconstitutional as applied to him. We disagree. The evidence established that the defendant was seated directly behind that portion of the front bench seat under which the sawed-off shotgun and revolver were secreted and, therefore, that he had ready access to them. Under these circumstances, it

is surely rational to infer that defendant had both the ability and intent to exercise dominion and control over the weapons (see *County Ct. v Allen,* 442 US 140; *People v Lemmons,* 40 NY2d 505; *People v Rodriguez,* 75 AD2d 730).

We also find that there was sufficient evidence to establish defendant's guilt of the crimes of criminal possession of stolen property in the second and third degrees (see, e.g., *People v Traynham,* 85 AD2d 748). Furthermore, the defendant's claim of prosecutorial misconduct during summation has not been preserved for review because defendant failed to raise any objection to the allegedly improper remark (see CPL 470.05, subd 2; *People v Thomas,* 50 NY2d 467). Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.