■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESTEBAN SANCHEZ, Appellant.

Defendant was indicted for criminal possession of a weapon in the third degree under Penal Law § 265.02 (4) in that he knowingly and unlawfully possessed a loaded firearm. The People's case consisted solely of the testimony of the two police officers who stopped the defendant's car for traffic violations. There was one passenger in the car with defendant. One of the officers testified that he recovered a gun from the floor of the driver's side near the pedals, between defendant's feet. The People relied on the presumption of Penal Law § 265.15 (3), which states, in pertinent part, that "[t]he presence in an automobile * * * of any firearm * * * is presumptive evidence of its possession by all persons occupying such automobile". That presumption serves to establish a prima facie case against a defendant which he may, if he chooses, rebut by offering evidence (*People v Lemmons,* 40 NY2d 505; *People v Leyva,* 38 NY2d 160; *People v Velez,* 100 AD2d 603).

Defendant argues that the People failed to establish a prima facie case in that there was insufficient evidence to establish his awareness of the firearm in the car. This argument lacks merit.

Under Penal Law § 15.00 (2); § 15.10 the mental culpability required for a crime of possession is, at the very least, awareness of the possession (*accord, People v Ansare,* 96 AD2d 96, 96-97; *People v Cohen,* 57 AD2d 790). The predecessor to Penal Law § 265.15 (3) was former Penal Law of 1909, § 1898-a, which was intended to remedy the difficulty in obtaining a conviction for criminal possession of a weapon found in an automobile which was not in the actual possession of any of its occupants (*People v Logan,* 94 NYS2d 681). It follows that if a conviction for criminal possession of a weapon under Penal Law § 265.02 (4) requires, at the very least, knowing possession, Penal Law § 265.15 (3) was intended to create a presumption of knowing possession. Thus, a prima facie case was established. In any event, there was sufficient circumstantial evidence of possession to infer awareness of

the possession (*People v Roque,* 108 Misc 2d 965; *People v Reisman,* 29 NY2d 278).

Also, the prosecutorial misconduct complained of, while objectionable, did not result in substantial prejudice to defendant (*see, People v Bailey,* 58 NY2d 272; *People v Galloway,* 54 NY2d 396).

Finally, defendant's sentence of 2½ to 5 years' imprisonment for a class D violent felony conviction, after his adjudication as a second violent felony offender, was not unduly harsh or severe (*see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, O'Connor and Weinstein, JJ., concur.