*585 OPINION OF THE COURT
Rena K. Uviller, J.
This motion to dismiss an indictment poses the recurring and troublesome question of the circumstances under which criminal possession of a weapon recovered in an automobile can be attributed to any or all of its passengers. The unique feature here is that the gun was recovered in the car’s locked trunk; and while there is evidence that the occupants all knew it was there, there was no evidence that any of them had access to the trunk. Does evidence that the occupants of the car knew the gun was in the trunk, and planned to use it, provide the necessary connection between them and the weapon sufficient to sustain the indictment for its criminal possession?
The three defendants and several others were indicted for a conspiracy to commit an armed robbery at an oriental rug store, for an attempted robbery at the store, and for criminal possession of a weapon recovered from the locked trunk of a car in which all three were, or had recently been, occupants. At the time of the arrest, the car was parked one block from the targeted premises.
An informant testified to the Grand Jury that the three defendants and others planned to commit an armed robbery at the store on an unspecified date and had "cased” it on several occasions. On the date of the arrest, the police were tipped off that the planned robbery was about to occur. Driving to the vicinity of the rug store, the police observed two of the defendants walking back and forth near the store and arrested them. The third defendant was arrested as he sat with another in the back seat of the car in question, which was parked about a block from the store. When the car was impounded at the precinct, the police broke open the trunk and recovered the gun.[1]
There was no evidence as to who the lessee of the car was, who the driver had been, that either the trunk or ignition key was recovered, or that any of the occupants had access to the trunk. The Grand Jury was not instructed with regard to Penal Law § 265.15 (3), which provides that a gun recovered from an automobile is presumptive evidence of its possession *586 by all persons occupying the vehicle at the time the weapon is found.[2]
In reviewing the sufficiency of an indictment, a motion to dismiss it must be denied as long as the Grand Jury heard evidence which, if unexplained and uncontradicted, would warrant conviction by a trial jury. (People v Pelchet, 62 NY2d 97, 105.) To satisfy this evidentiary standard in relation to the weapon possession count, the People do not rely upon the statutory presumption, which, as noted, was not charged to the Grand Jury. They do, however, rely upon the following: the presence of one of the defendants in the car, the locked trunk of which yielded the gun; circumstantial evidence that the other two defendants had recently emerged from the car; and evidence that all three had planned to commit an armed robbery at the nearby store.
The People reason that the defendants’ presence in the car constitutes dominion and control over, and hence possession of, the vehicle and its contents (Penal Law § 10.00 [8]); further, that the car’s proximity to the place where they all planned to commit an armed robbery evinces that all three knew the gun was in the trunk; that they all thus knowingly possessed the gun both constructively and as accomplices to one another. In other words, the People argue, evidence of the defendants’ intention to use the gun near the car combined with their presence in the car constitutes knowing possession of the gun in the trunk of the car.
While the argument is appealing, it must fail because it rests upon an impermissible elision between two separate and distinct elements necessary to sustain a charge of criminal possession. In order to prove the charge there must first be evidence of possession, whether actual or constructive, personal or accessorial. Second, there must be evidence of scienter, that is, actual knowledge by each of the defendants that the gun indeed was in their possession. (People v Reisman, 29 NY2d 278; see, People v Tirado, 47 AD2d 193, affd 38 NY2d 955.) While the evidence before the Grand Jury may have been sufficient to establish the latter, that is, scienter or knowledge that the gun was in the trunk, there is neither direct nor circumstantial evidence that any of the defendants personally or accessorially possessed it, either actually or constructively.
*587 Preliminarily, the law is clear that one’s status as a conspirator is not, standing alone, sufficient to support a conviction for the crime which is the object of the conspiracy, or for any other crime committed in furtherance of the conspiracy. (People v McGee, 49 NY2d 48, cert denied 446 US 942.) While the overt act necessary to support a conspiracy conviction may indeed also constitute evidence of some other crime, or an element of another crime, that overt act on the one hand, and the object crime or some other crime in furtherance of the conspiracy on the other hand, are not necessarily one and the same.
Here there is evidence that the defendants conspired to commit an armed robbery. Further, there is evidence that they engaged in an overt act in furtherance of that conspiracy by driving to the location with a gun in the trunk of the car. Evidence of the overt act, which thereby satisfies the conspiracy charge, is also, concomitantly, evidence of one element of the weapons possession charge. And that is the element of scienter or knowledge. That is to say, evidence that the defendants intended and planned to commit an armed robbery at the store is certainly circumstantial evidence that they knew the gun was in the trunk when they drove to the store.
But what of the second, independent element of the weapons charge, i.e., possession? Possession, as noted, may be personal or accessorial, actual or constructive. Possessory crimes are occasionally analyzed in terms of accomplice liability described in Penal Law article 20. That is, whether the defendant has, with the requisite intent, solicited, requested, commanded, importuned or intentionally aided or assisted another person to possess contraband. (People v Pettus, 53 AD2d 597; People v Vasquez, 104 AD2d 429.)
For example, a person who gives a gun to a friend knowing the latter is unlicensed to carry it may thus be liable accessorially for his friend’s unlawful possession. (Cf. People v Howard, 75 AD2d 1007; People v Pettus, 53 AD2d 597, supra; see, People v Feliciano, 32 NY2d 140; People v Brown, 112 Misc 2d 471.) Likewise, if only the first of two accomplices in an assault actually uses a weapon on the victim, the second assailant may be held accessorially responsible for possession of the weapon if there is sufficient evidence to demonstrate that he somehow assisted the first assailant to possess it. (People v Bosque, 78 AD2d 986, cert denied 451 US 992.) The second assailant’s mere knowledge that his cohort had the *588 weapon is not necessarily sufficient to establish that he aided or assisted the other in its possession.
With respect to possessory crimes, however, where the defendant is not discovered in actual personal possession, but rather is held accountable because of his involvement with others, his liability is not typically analyzed in terms of accessorial responsibility. Rather, it is evaluated in terms of constructive possession. That is, whether, in the language of Penal Law article 10, he exercised dominion or control over the contraband.[3] (People v Rivera, 77 AD2d 538 [defendant, who never touched the gun, yelled to his brother to "get the gun” and shoot the victim, held to have exercised dominion and control over the weapon]; People v Hadley, 67 AD2d 259 [defendant, as foreman of a truck cleaning crew, had dominion and control over trucks in which stolen property was found, although he never drove the trucks]; People v Howard, 37 AD2d 178; People v Elfe, 37 AD2d 208.)
A common context for analyzing constructive possession through dominion and control are cases in which contraband is found inside premises in which the defendant was not present but with which he or she has some other connection. In evaluating whether the defendant had constructive possession of, or exercised dominion and control over the contraband within the premises, some of the relevant factors are: whether the defendant’s name is on the lease, his or her possession of keys to the premises, the absence or presence of the defendant’s personal belongings there, the frequency of his or her visits, and whether or not the defendant had access to that portion of the premises from which the contraband was recovered. (People v Simon, 107 AD2d 196; People v Robertson, 48 NY2d 993.) In other words, is there a sufficient nexus or connection between the defendant and the contraband within the premises to establish constructive possession? Does the evidence yield a rational basis for concluding that the accused exercised dominion and control over it?
Similar considerations govern constructive possession of *589 contraband in a car: Who owned the car? Was the defendant in the vehicle when the contraband was recovered, and for what period of time had he been there? Who was the driver? What was the location of the contraband within the car in relation to the defendant? Again, the issue is whether the nexus or connection between the accused and the contraband is sufficient for a rational conclusion that he or she in fact exercised dominion or control over it. (See, e.g., People v Lemmons, 40 NY2d 505 [male driver and passengers exercised dominion and control of gun protruding from woman passenger’s open handbag which was lying on floor near front passenger seat]; People v Hall, 101 AD2d 956 [back seat passenger in constructive possession of gun hidden beneath driver’s seat]; People v Rodriguez, 75 AD2d 730 [front seat passenger in constructive possession of gun hidden underneath his bucket seat]; People v Lynch, 116 AD2d 56 [rear seat taxi passenger constructively possessed gun protruding from upholstery tear directly in front of him].)
In each of these cases, the defendant’s relation to and/or position in the car on the one hand, and the contraband’s location in the car on the other, established that the illicit object was available to the defendant. Either the contraband was physically accessible to the defendant, or the defendant’s direct or immediate access to it was otherwise established. (People v Lynch, 116 AD2d 56, supra.) Without access to the contraband there is no reasonable basis for concluding that the defendant had dominion or control over it, that he was in constructive possession of it. Indeed, while access alone may be insufficient to establish dominion and/or control, especially where access is shared by many others (People v Olivo, 120 AD2d 466 [1st Dept]), inaccessibility precludes a conclusion of constructive possession. A person to whom an illicit object is not directly available cannot reasonably be inferred to possess it.
The features relevant to a defendant’s control over a possession of contraband are often similar to those from which the crime’s second element, i.e., his knowledge of its presence, may be inferred. Yet proof of knowledge is not necessarily sufficient to demonstrate control or possession. (People v Tirado, 47 AD2d 193, affd 38 NY2d 955, supra; People v Reisman, 29 NY2d 278, supra.) For example, an accused may know that his next-door neighbor has drugs in his apartment and intends to share them with the accused later that night. This does not, in my view, establish dominion and control over the *590 drugs while the accused remains in his own home. Mere knowledge that they are next door and an intention to use or possess them later does not constitute present possession, whether constructive or otherwise. In order to sustain the possession charge there must be clear evidence of the defendant’s direct access to and/or control over the contraband at that point when possession is alleged.
In this case there is no evidence whatever that any of the three defendants had access to the trunk in which the gun was found. The trunk was locked and neither the trunk nor the ignition key was recovered. None of the defendants were identified as the lessee of the rented car nor was there evidence that any of them had even driven it. There was no evidence that any of the three had recently opened the trunk or had caused it to be opened. This is not to say that any one or more of these features would necessarily constitute constructive possession. But in the absence of any evidence that the gun was imminently available, there is no reasonable basis for concluding that any of the three exercised dominion and control over it. That they knew it was there and intended to use it when it became available does not, perforce, establish the nexus between them and the weapon that is necessary to demonstrate such control.
Whether the necessary connection or nexus between the defendants and the gun has been adduced by the evidence is unaffected by the statutory presumption of Penal Law § 265.15 (3). It is thus irrelevant that this Grand Jury was not instructed regarding that statute. The statute merely states the obvious: The fact that a gun is found in a car may (with exceptions not apposite here) be considered as some evidence that an occupant of the car exercised dominion and control over it, i.e., that he possessed it. It is for the fact finder to determine whether the simultaneous presence of the defendant and the gun in the car, together with any other relevant evidence, signifies constructive possession beyond a reasonable doubt. Thus, in reviewing the presumption’s constitutionality, the United States Supreme Court has held that as long as the evidence yields a reasonable basis for concluding that the defendant had control over the weapon, the jury’s application of the presumption is constitutional. (Ulster County Ct. v Allen, 442 US 140.) The presumption’s permissive inference is unconstitutional only: "if, under the facts of the case, there is no rational way the trier could make the connection [i.e., that presence in the car constitutes possession or control of the *591 weapon] permitted by the inference. For only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, has caused the presumptively rational factfinder to make an erroneous factual determination.” (442 US, at p 157.)
Curiously, one of the few reported cases involving a gun locked in a car trunk is the one that reached the Supreme Court in Ulster County Ct. v Allen (supra). There, the court upheld the presumption’s application to four adult male occupants of the car in relation to a weapon protruding from a female minor occupant’s handbag, which handbag was recovered from the front floor of the car. The Supreme Court concluded that since the evidence demonstrated easy access to the gun by four males, there was reasonable basis for inferring their dominion and control over it.
In Ulster (supra), the same occupants were additionally charged with possessing a second weapon recovered from the car’s locked trunk. Although there was evidence that two of the men had placed something in the trunk just before embarking in the car, they were nonetheless acquitted of possessing that second weapon. If those two had been convicted of possessing the second gun, arguably the presumption’s application to them would have been valid, since a jury could have drawn a rational inference of their control over the trunk’s contents in light of their recent access to it. The logic and language of the Supreme Court’s decision, however, compel the conclusion that in the absence of such evidence of access, no fact finder could reasonably infer dominion or control over the trunk and its contents.
For all of the foregoing reasons that count of the indictment charging the three defendants with possession of the weapon recovered from the trunk is hereby dismissed.

. The charge of attempted robbery based on this evidence has been dismissed for insufficiency.

. Penal Law § 265.15 (3) states: "The presence of an automobile * * * of any firearm * * * is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon * * * is found”.

. Very occasionally indirect possession is analyzed as a hybrid of Penal Law articles 10 and 20, drawing upon principles of both accessorial liability and constructive possession. See, People v Peters (43 AD2d 599), where defendant’s possession of trunk key constituted dominion and control over contraband in the trunk (i.e., constructive possession) and his possession of that key as he was standing near the car demonstrates accessorial liability going beyond "mere presence” at the scene of the crime (i.e., accomplice responsibility). (People v Passero, 83 AD2d 769.)