■ In the Matter of TYRONE C., Also Known as TYRONE L., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Scancarelli, J.), entered November 6, 1989, which, upon a fact-finding order of the same court, entered September 29, 1989, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the Westchester County Department of Social Services for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On August 9, 1989, members of the Peekskill Police Department were dispatched to Lepore Park in response to a report concerning a man with a gun. After being informed by several bystanders that the perpetrator was entering a car, two officers observed the appellant entering the back seat of a

vehicle and leaning forward as if to hide something. The officers proceeded to the vehicle, ordered all occupants to exit and found a handgun on the floor behind the front passenger seat.

En route to the police station, the appellant spontaneously revealed to one of the officers that he had the gun but that he "wasn't going to use it". The presentment agency afforded the appellant timely notice of its intent to introduce this statement at the hearing. It was not until the close of the presentment agency's case that the Law Guardian, for the first time, moved to suppress the statement. The Family Court denied the motion to suppress as untimely.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620; Matter of Jamal V., 159 AD2d 507), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Under the circumstances, it was rational for the court to infer that the appellant had both the ability and intent to exercise dominion and control over the weapon (see, People v Chamblin, 146 AD2d 707; People v Davis, 104 AD2d 1046, 1047, rearg granted & determination adhered to 117 AD2d 817). The court also properly denied as untimely the appellant's motion to suppress his statement whereby he admitted possessing the gun (see, Family Ct Act § 332.2 [1]; People v Franklin, 127 AD2d 685). Kunzeman, J. P., Balletta, Miller and O'Brien, JJ., concur.