OPINION OF THE COURT
John H. Wilson, J.
Defendant is charged with one count of permits for possession or purchase of rifles or shotguns (Administrative Code of City of NY § 10-303).[1] Under Administrative Code § 10-310, this charge is a violation.
By omnibus motion dated January 7, 2013, defendant seeks dismissal of the sole charge, asserting that the People’s complaint is facially insufficient, and suppression of all physical evidence seized by law enforcement personnel.
The court has reviewed the court file, defendant’s motion, and the People’s response dated January 25, 2013. For the reasons stated below, the motion to dismiss is granted to the extent of ordering the People to provide a superceding information to the court and defense within 30 days of the publication of this decision to the parties.
If the People do supercede the complaint successfully, then the motion for pretrial hearings is granted to the extent of ordering a hearing to determine if there was probable cause for defendant’s arrest and whether or not the physical evidence seized was taken in violation of defendant’s rights under the United States and New York Constitutions.
Statement of the Facts
Pursuant to the criminal court complaint dated October 27, 2012, on or about October 26, 2012, at approximately 5:40 p.m., Police Officer Sean McGuire observed defendant seated in the front passenger seat of a Honda Accord stopped outside of 1852 Archer Street, Bronx, New York. The officer states that “he *630 observed in the custody and control of the defendant... in the trunk of said vehicle with the butt of the item exposed causing the trunk to remain partially open, one (1) pump action 12 gauge shotgun.”[2]
The complaint also alleges that “said shotgun was defaced in that the section of said shotgun where the serial number exited [sic] had been concealed so that said serial number was unreadable.” (See criminal court complaint dated Oct. 27, 2012 at 2.)
Legal Analysis
Under CPL 100.15, every accusatory instrument is required to contain two elements: (1) an accusatory portion designating the offense charged, and (2) a factual portion containing evidentiary facts which support or tend to support the charges stated in the accusatory portion of the instrument. These facts must provide reasonable cause to believe that the defendant has committed the crime alleged in the accusatory portion of the accusatory instrument. (See People v Dumas, 68 NY2d 729 [1986].)
Further, under CPL 100.40, a misdemeanor information is facially sufficient if the nonhearsay facts stated in said information establish each and every element of the offense charged, as well as the defendant’s commission of said crime. If both of these factors are present, then the information states a prima facie case and is sufficient. (See People v Alejandro, 70 NY2d 133 [1987].)
On a motion to dismiss, this court’s review is limited to whether or not the People’s allegations as stated in the criminal court complaint are facially sufficient. The facts alleged need only establish the existence of a prima facie case, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt. (See People v Jennings, 69 NY2d 103, 115 [1986].)
Applying these principles to the instant matter, the factual allegations contained in the complaint before this court are not sufficient.
Under Administrative Code § 10-303, “it shall be unlawful for any person to have in his or her possession any rifle or shotgun unless said person is the holder of a permit for the possession and purchase of rifles and shotguns.”
At the outset of our analysis, it must be noted that the complaint does not include any statement regarding whether or *631 not defendant, or the driver of the vehicle, is the holder of any permit for the possession of rifles or shotguns. On this basis alone, then, the complaint must be superceded. However, a more significant issue is presented by the People’s insufficient allegations.
Penal Law § 265.15 (3) states that “[t]he presence in an automobile ... of any . . . defaced rifle or shotgun ... is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon, instrument or appliance is found.”
Known as the automobile presumption, “[t]he statutory presumption establishes a prima facie case against defendant, which presumption he may rebut by offering evidence.” Generally, “the presumption will remain in the case for the jury to weigh even if contrary proof is offered, [but] it may be nullified if the contrary evidence is strong enough to make the presumption incredible.” (See People v Wilt, 105 AD2d 1089, 1090 [4th Dept 1984], citing People v Lemmons, 40 NY2d 505, 510 [1976].)
The People allege that “said shotgun was defaced in that the section of said shotgun where the serial number exited [sic] had been concealed so that said serial number was unreadable.” (See criminal court complaint dated Oct. 27, 2012 at 2.) Thus, on this basis, the automobile presumption can be applied to the weapon recovered here. However, the finding of the presence of this element does not conclude our analysis.
The presumption has been applied to the driver of an automobile when a gun was discovered in the glove compartment (see People v Wade, 122 Misc 2d 50 [Sup Ct, Kings County 1983]); to a gun recovered from between a defendant’s feet on the floor of the driver’s side of an automobile (see People v Sanchez, 110 AD2d 665 [2d Dept 1985], lv denied 65 NY2d 986 [1985]); to a gun which lay on the back ledge of an automobile in which a defendant was seated, “within the immediate control and reach of the [defendant] and his companions” (see People v Russo, 278 App Div 98, 101 [1st Dept 1951] [internal quotation marks and citation omitted], affd 303 NY 673 [1951]); and to a defendant seated “directly behind that portion of the front bench seat under which the sawed-off shotgun and revolver were secreted . . . [since] [u]nder these circumstances, it is surely rational to infer that defendant had both the ability and intent to exercise dominion and control over the weapons” (see People v Davis, 104 AD2d 1046, 1046-1047 [2d Dept 1984]).
In each of the cases cited above, it was reasonable on the face of the allegations to infer that the defendant knew that a *632 weapon was present in the vehicle. This court has been unable to locate any case where the presumption has been applied to a weapon located in the trunk of a vehicle without a prima facie showing that the defendant knew, or reasonably should have known, that said weapon was there.
“Under Penal Law § 15.00 (2); § 15.10 the mental culpability required for a crime of possession is, at the very least, awareness of the possession.” (See People v Sanchez, 110 AD2d 665, 665 [1985] [citations omitted].) Where “there is no ‘rational connection’ between the discovery of the gun in the trunk and defendant’s presumed possession,” “the statutory presumption of [Penal Law § 265.15 (3) is] unconstitutional as applied.” (See Wilt, 105 AD2d at 1090, citing Leary v United States, 395 US 6, 33 [1969].)
“The People reason that the defendant[’s] presence in the car constitutes dominion and control over, and hence possession of, the vehicle and its contents (Penal Law § 10.00 [8]) . . .
“While the argument is appealing, it must fail because it rests upon an impermissible elision between two separate and distinct elements necessary to sustain a charge of criminal possession. In order to prove the charge there must first be evidence of possession, whether actual or constructive, personal or accessorial. Second, there must be evidence of scienter, that is, actual knowledge . . . that the gun indeed was in [defendant’s] possession.” (See People v Porter, 133 Misc 2d 584, 586 [Sup Ct, NY County 1986] [citations omitted].)
Porter states the test for satisfaction of the automobile presumption: “whether the nexus or connection between the accused and the contraband is sufficient for a rational conclusion that he or she in fact exercised dominion or control over it.” (133 Misc 2d at 589 [citations omitted].)
In the instant complaint, the People’s allegations fail to provide prima facie evidence of the defendant’s knowing commission of the alleged crime. On the face of the complaint, there is no inference possible that this defendant had knowledge of the defaced shotgun in the trunk. There is only a bald statement that the defendant was seated in the front passenger seat of a motor vehicle and that the officer observed “in the trunk of said vehicle with the butt of the item exposed causing the trunk to remain partially open, one (1) pump action 12 gauge *633 shotgun.” Nothing connects defendant to the contraband, other than his mere presence in the vehicle.[3]
Thus, the allegations made herein are facially insufficient. However, in this case, the People will be given the opportunity to supercede the criminal court complaint.
In People v Camacho (185 Misc 2d 31 [Crim Ct, Kings County 2000]), the court ruled that where a complaint is found to be facially insufficient, curing the defect “is imperative, because . . . the court’s jurisdiction is no longer assured. The People should be allowed a reasonable period of time, to be determined by the court depending upon the particular factual circumstances of the case, to [correct the defect].” (185 Misc 2d at 36 [citation omitted]; see also People v Gore, 143 Misc 2d 106, 109 [Crim Ct, Kings County 1989] [“the lower court when evaluating insufficiency must also consider whether amendment, supersession, replacement or supplementation and conversion is still possible” (citing Dumas)].)
Under the circumstances of this case, it should be a simple matter for the People to correct the defect and state the necessary additional facts in their information. Therefore, the People have 30 days from the date of publication of this decision to cure this error by “either filing a superseding information or prosecutor’s information.” (See People v Evangelista, 1 Misc 3d 873, 874 [Crim Ct, Bronx County 2003].)
Other Relief Requested
Defendant has moved for suppression of any physical evidence recovered from the trunk of the vehicle at the time of his arrest. If the People successfully supercede the complaint, this motion is granted to the extent of ordering a pretrial hearing at which the issues of whether or not the physical evidence seized was legally obtained and whether or not there was probable cause for the defendant’s arrest will be considered.
All other arguments and requests for any additional hearings and relief that have been advanced by the defendant have been reviewed and rejected by this court as being not applicable or without merit.

. Defendant was initially charged with criminal possession of a weapon in the third degree (Penal Law § 265.02 [3]), a class D felony; however, that charge was withdrawn by the People on December 12, 2012.

. Another separately charged individual was reportedly in the driver’s seat of the subject vehicle.

. The fact that the “butt of the item [was] exposed causing the trunk to remain partially open” does not establish that defendant knew that the trunk was partially open or had viewed the contents of the trunk.