■ The People of the State of New York, Appellant, v Maceo Braan, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County, dated June 24, 1980, which, after a hearing, granted defendant's motion to suppress physical evidence and statements. Order reversed, on the law, motion denied and case remanded to Criminal Term for further proceedings on the indictment. We disagree with the hearing court's conclusion that the police officer lacked probable cause to make an arrest because he was not an expert in the area of gambling offenses (cf. *People v Corrado,*

22 NY2d 308) and because the defendant may have a statutory defense (cf. Penal Law, § 225.15, subd 2). We also disagree with the court's conclusion that the officer did not have a right to enter the automobile to look for the registration or for a rental agreement for the car in the glove compartment. (The police officer had observed a rental plate on the car.) The incident began when the police observed the vehicle parked illegally at a fire hydrant. When the defendant stepped from his car to respond to the approaching police officer, he left the door open and the officer was able to see what he reasonably believed to be gambling records in the car. The defendant stated, "You are not going to bust me for that b — — — -, are you?" At this point the officer decided to make an arrest and had probable cause for such an arrest. The defendant produced only his driver's license in response to a request for his license and registration or the rental agreement; he stated that any other papers concerning the car were in the glove compartment. Even though a radio check advised the officers that the car had not been reported stolen, they were justified in requesting the rental agreement. (See Vehicle and Traffic Law, § 401, subd 4; §§ 1202, 1204.) The officer entered the vehicle through the open door on the driver's side, sat on the seat and, while leaning toward the glove compartment, saw a clear plastic bag containing white powder near the passenger door. He believed it to contain narcotics (cf. *People v McRay*, 51 NY2d 594). He then formally placed the defendant under arrest and handcuffed and frisked him. The officer's partner entered the car to look for the rental agreement and to remove the car to the station house. He felt a hard object and retrieved a brown sock which contained a .38 caliber revolver. The revolver had been reported stolen in 1978. The car was removed to the station house. Two rental agreements were found, but neither pertained to the car in question. The question whether the "search" of the vehicle was lawful can be answered on the practical facts of the case. The defendant represented that the registration or rental papers for the car were in the glove compartment. Even though the officer knew from the license plate that the car was a rental car, we believe that the officer was entitled to view such papers in the course of his contemporaneous investigation of the incident (even though the evidence of the alleged gambling offense had already been seen and removed from the car before the officer followed through on his original request for the license and registration). (See *People v Evans*, 43 NY2d 160, 166.) The officer could have directed the defendant to enter the car and open the glove compartment, but at unknown peril to himself and his fellow officer. The incident must be examined in its total context: it was 11:00 P.M., and the officers had probable cause to make an arrest. They had no way of knowing what, if any, dangerous weapon might be concealed in the glove compartment or elsewhere in the car and accessible to the suspect if he entered the car. The most reasonable and realistic course, the one with least danger to the officers and to the suspect and the one with the minimum intrusion upon the defendant, was simply for the officer to enter the car via the already open door and to lean across toward the glove compartment to get the purported rental agreement. This action, minimal in nature and taken pursuant to a proper request for a rental agreement, was part of a proper investigation of a traffic violation and a gambling offense. The facts that no traffic offenses were charged and that a statutory defense to the gambling charge could be claimed, do not change our analysis of the situation as it developed on the night of the arrest. The police officer's observation of the plastic bag containing what later proved to be cocaine was incidental as he looked toward the glove compartment. The subsequent discovery of the stolen revolver was

both inevitable and incidental to the removal of the vehicle to the precinct. Neither the cocaine nor the gun should have been suppressed. The defendant's statement made when the officer saw the gambling evidence (as quoted above) was voluntarily made before his arrest. A second statement that he would go to jail, which he made when the gun was found in the car, was spontaneous and did not result from questioning. Neither statement should have been suppressed. Titone, J.P., Gibbons, O'Connor and Thompson, JJ., concur.