■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered June 7, 1983, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Owens, J.), of the defendant's motion to suppress evidence.

Judgment affirmed.

Two police officers assigned to an anticrime unit, who were patrolling a "high robbery area" in an unmarked police vehicle, began to follow a vehicle driven by the defendant because its four occupants appeared to be surveying the stores in the area. The officers then observed that the license plate number it bore was the same as that on the getaway car from an armed robbery which they had investigated one week earlier. They also noticed one of the passengers disappear from view.

Based upon their observations, the police acted properly when they stopped the car to question its occupants (see, People v Sobotker, 43 NY2d 559; People v Allen, 112 AD2d 375; People v Finlayson, 76 AD2d 670, lv denied 51 NY2d 1011, cert denied, 450 US 931). Moreover, once the vehicle was lawfully stopped, the police officers, possessed of the knowledge that

the occupants might be armed, were justified in approaching its occupants with guns drawn and ordering them to step out of the car *(see, Pennsylvania v Mimms,* 434 US 106; *People v Evans,* 106 AD2d 527; *People v Livigni,* 88 AD2d 386, *affd* 58 NY2d 894 *for the reasons stated in the opn of Justice Mangano).* Furthermore, once the officers sighted a gun in plain view in the waistband of a passenger and observed other weapons on the front seat and rear floor of the vehicle, they had probable cause to arrest the occupants of the vehicle and conduct a search thereof *(see, People v Belton,* 55 NY2d 49; *People v Seruya,* 113 AD2d 777; *People v Finlayson, supra).*

Finally, we find that the hearing court's determination is supported by the record, and the officers' testimony was not inherently incredible or improbable so as to warrant the conclusion that no rational basis exists for the suppression court's findings on credibility *(see, People v Prochilo,* 41 NY2d 759; *People v Africk,* 107 AD2d 700; *People v Gee,* 104 AD2d 561; *People v Garafolo,* 44 AD2d 86).

We have examined the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Brown, Rubin and Eiber, JJ., concur.