■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DAVID R. SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered March 19, 1987, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The arresting officer was the only witness at the *Mapp* hearing in this case. He testified that, in response to a radio transmission concerning drug sales at a specified street corner by a black male wearing a black "bomber" coat and light gray pants, he went to the location and observed the defendant who matched the description. The officer, who knew of numerous complaints of drug sales on this street corner, observed a plastic bag protruding from the defendant's coat pocket. The officer recognized the contents of the bag to be vials of "crack". Seizure of the bag revealed that it contained 46 vials of crack. The hearing court credited the officer's testimony, held that the arrest was based upon probable cause, and denied the suppression motion.

The hearing court's denial of the application to suppress physical evidence was proper. The officer's observation of contraband in plain view on a public street corner provided probable cause for seizure of the bag and the defendant's arrest *(see, People v Langen,* 60 NY2d 170, *cert denied* 465 US 1028; *People v Jackson,* 41 NY2d 146; *People v Allah,* 131 AD2d 765, 766, *lv denied* 70 NY2d 797). We reject the defendant's contention that the officer's testimony that the contraband was in plain view was incredible as a matter of law *(see, People v Prochilo,* 41 NY2d 759; *People v Smith,* 130 AD2d 600, *lv denied* 70 NY2d 717; *People v Williams,* 121 AD2d 488, 489, *lv denied* 68 NY2d 818).

We further find that the hearing court's denial of the defense counsel's request for a continuance for the purposes of obtaining the tape of the 911 call which was the basis for the dispatcher's notification to the arresting officer and the production in court of the vials of crack was not an improvident exercise of discretion *(see, People v Foy,* 32 NY2d 473). The request for production of the vials of crack was untimely and did not comply with the requirements of CPL 240.10. Furthermore, the 911 call was not relied upon as the basis for probable cause, and the defense counsel had a copy of the

"sprint report" which summarized the contents of the 911 call. Similarly, the officer's testimony included a detailed description of the seized items. Thus, the defendant has not shown how he was prejudiced by the court's rulings (see, People v Daniels, 128 AD2d 632, lv denied 70 NY2d 645; People v Africk, 107 AD2d 700, 702). Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.