■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CAMMOCK, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered July 1, 1987, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

A police officer observed the defendant driving his automobile the wrong way on a one-way street in Spring Valley. Upon being stopped, the defendant was unable to produce his license or the automobile's registration. The police officer transmitted the defendant's date of birth and Social Security number to his headquarters, and learned that the defendant did not have a driver's license and that the license plates on his automobile were registered to another vehicle. The officer decided to impound the defendant's automobile.

The Spring Valley Police Department does not have an impound lot. When a vehicle is impounded, the Police Department calls 1 of 5 private towing companies from a list it maintains. The company which is called tows the vehicle and stores it. It is the Police Department's procedure to conduct an inventory search of impounded vehicles before they are released to a private towing company. The police officer who stopped the defendant's automobile conducted an inventory search and discovered a nine-millimeter pistol under the front passenger seat.

The hearing court properly found that the pistol could be introduced into evidence. When a vehicle is impounded, the police may lawfully inventory the contents without first obtaining a search warrant (see, South Dakota v Opperman, 428 US 364, 376; Cady v Dombrowski, 413 US 433, 447-448; People v Escalante, 89 AD2d 1019). Such a search serves three distinct needs. First, it protects the owner's property while it remains in police custody. It also protects the police from claims or disputes over lost or stolen property and from potential danger (see, South Dakota v Opperman, supra, at 369). In the instant case the defendant's vehicle was about to be released to a private towing company to be impounded, and the police properly searched the vehicle to secure the owner's property.

The defendant contends that the hearing court improperly

relied upon the "inevitable discovery" exception to the exclusionary rule in finding the evidence admissible. He refers to *People v Stith* (69 NY2d 313). However, that case is inapposite because here the police conducted a legally proper search in the course of impounding the vehicle. Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.