■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE BROOKS, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the evidence was legally insufficient to convict him of burglary because the testimony of the accomplice was not sufficiently corroborated. Even without the testimony of the accomplice there was ample evidence which, when viewed as a whole, was sufficient to connect defendant with the commission of the burglary (see, CPL 60.22 [1]; People v Moses, 63 NY2d 299). Two of defendant's roommates testified to being present when the accomplice and defendant made plans to burglarize an apartment to steal some television sets. A police officer testified that he observed defendant carrying a television set which he hid in some nearby bushes. That television set was later identified as belonging to the victim. Defendant's recent and exclusive possession of the fruits of a crime gives rise to an inference of guilt (see, People v Zorcik, 67 NY2d 670, 671; People v Baskerville, 60 NY2d 374, 382; People v Reisman, 29 NY2d 278, 285-286, cert denied 405 US 1041).

In view of defendant's extensive record, imposition of the maximum indeterminate term of 7½ to 15 years, as a predicate felon, was not excessive (People v Christian, 139 AD2d 896). We have reviewed defendant's remaining claim and find it to be without merit. (Appeal from judgment of Onondaga County Court, Cunningham, J.—burglary, second degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.