■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY BYRD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered April 22, 1987, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony, and the denial, after a hearing (Naro, J.), of that branch of the defendant's omnibus motion was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court did not err in denying suppression of the physical evidence. The arresting officer was justified in stopping the vehicle since it fit the description, except for the color, of the vehicle used in the robbery *(see, People v Buckley*, 147 AD2d 898, *lv granted* 73 NY2d 1012). Moreover, prior to stopping the vehicle, the officer determined that the passenger fit the description of the perpetrator of the crime. Thus, the officer had a reasonable suspicion that the car and one of its occupants had been involved in a crime *(see, People v Ingle*, 36 NY2d 413; *People v Cantor*, 36 NY2d 106). Thereafter the officer had probable cause to arrest the defendant when he saw the butt of a gun lying in plain view in the car *(see, People v Perez*, 135 AD2d 582).

The defendant's contention that the lineup was unduly suggestive because he was the only participant wearing a leather jacket which fit the description of the clothing worn by the perpetrator, is unpersuasive. The record discloses that all the lineup participants had similar physical characteristics and wore jackets *(cf., People v Owens*, 74 NY2d 677).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and

find them to be without merit. Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.