■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FYNDLE BROOKS, Also Known as THYNDLE BROOKS, Appellant. —Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered June 30, 1987, convicting him of burglary in the second degree, operating a motor vehicle with a suspended license and failing to give an appropriate signal before turning, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant, while operating a motor vehicle, was stopped by a police officer for a traffic violation *(see,* Vehicle and Traffic Law § 1163 [a]). At the time of the stop, it was determined that the defendant's driver's license had been suspended and the defendant was then arrested for operating a motor vehicle without a valid license *(see,* Vehicle and Traffic Law § 511).

The defendant was the only occupant of his vehicle at the time of his arrest. Accordingly, based on established police department procedure, his car was impounded and the contents inventoried. Items seized during this routine administrative search were properly deemed admissible at trial by the hearing court *(see, South Dakota v Opperman,* 428 US 364; *People v Gonzalez,* 62 NY2d 386; *see also, People v Cammock,* 144 AD2d 375; *People v Italia,* 138 AD2d 743; *People v Dixon,* 130 AD2d 680).

The defendant was stopped in the vicinity of a residence that had been burglarized, shortly after the burglary occurred. Four handbags that had been taken from the burglarized premises were found on the front seat of his car. Contained in

the handbags were various other items that had also been taken during the burglary.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's recent, conscious and exclusive possession of some of the fruits of the burglary justified the inference that he had burglarized the subject premises *(see, People v Green,* 128 AD2d 890; *People v Baskerville,* 60 NY2d 374). It cannot be reasonably inferred from these facts that the defendant was either innocent or a mere possessor of the stolen property. Rather, under the facts of this case, the evidence excludes to a moral certainty every hypothesis other than that the defendant was guilty of the burglary *(see, People v Alvarez,* 116 AD2d 725; *see also, People v Brooks,* 144 AD2d 1012; *People v Flores,* 122 AD2d 806).

The indictment did not charge the defendant with accessorial liability. Nevertheless, the trial court properly permitted proof that tended to establish that the defendant acted in concert with others in the commission of the burglary *(see, People v Coker,* 135 AD2d 723; *People v Monahan,* 114 AD2d 380; *Matter of Silverstro v Kavanagh,* 98 AD2d 833; *see also, People v Duncan,* 46 NY2d 74, 79-80, *cert denied* 442 US 910).

We have considered the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.