■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNEL WILSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered November 3, 1988, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the hearing court properly denied the defendant's motion to suppress the evidence removed from the trunk of the rented car the defendant was driving. The initial approach by the police was justified based upon the defendant's having double-parked and then driven in an erratic manner when told to move the car (see, People v Sobotker, 43 NY2d 559). The officer thereafter instituted a reasonable inquiry in an effort to obtain information concerning the ownership of the rented car (see, People v Vazquez, 135 AD2d 896).

The defendant's subsequent conduct of grabbing a female bystander, using her as a shield, and then pushing her towards the officer, escalated the officer's knowledge to a level of probable cause to arrest. The police were, therefore, fully

authorized to conduct an inventory search of the impounded car *(see, People v Anderson,* 118 AD2d 788, *cert denied* 479 US 859; *People v Braan,* 80 AD2d 920; *People v Castillo,* 150 AD2d 957). Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.