■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SALVATY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered August 28, 1985, convicting him of attempted robbery in the first degree, attempted robbery in the second degree and assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence, identification testimony, and a statement made by him to the police.

Ordered that the judgment is affirmed.

The police officers' stop of the defendant's vehicle near the locale of the assault and attempted robbery which had occurred only a few days earlier was based upon reasonable suspicion *(see, People v De Bour,* 40 NY2d 210, 223) inasmuch as the vehicle precisely matched a witness's description of the getaway car used in the attack *(see, People v Landy,* 59 NY2d 369, 376; *People v Jackson,* 134 AD2d 283; *People v Rivera,* 124 AD2d 682).* In addition, not only was there a similarity between the defendant's appearance and that of the attacker set forth in a police composite sketch, but the defendant also stated that he was coming from his girlfriend's house which, coincidentally, happened to be adjacent to the scene of the subject attack. These factors elevated the level of suspicion to probable cause, justifying the police actions that followed, including a lineup identification of the defendant at the station house *(see,* CPL 140.10; *People v De Bour, supra).*

Further, the record fully supports the hearing court's determination that, in addition to the existence of probable cause, the defendant consented to accompany the officers to the station house, and that his subsequent inculpatory statements were voluntarily made. Both Detective Holmes and Officer Pate testified that Holmes informed the defendant that the police were investigating a robbery and asked him if he would of his own volition accompany the police back to the station house. The defendant said, "No problem. Sure I'll give you a hand". It was also unrefuted that neither handcuffs nor guns were used during the 10 to 15 minutes that elapsed from the time of the stop until leaving for the police station. Under these circumstances, a reasonable man, innocent of any crime, would not have thought he was in custody *(see, People v Hicks,*

68 NY2d 234, 240; *People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). Accordingly, the hearing court properly found that the defendant's statements to the police were completely voluntary and not the result of a custodial interrogation *(People v Yukl, supra).* Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.