■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL W. MYERS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered February 25, 1988, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

The hearing court did not err in denying suppression of the defendant's postarrest statement. The police officer's stop of the defendant's automobile two days after the shooting of the victim was based upon reasonable suspicion *(see, People v De Bour,* 40 NY2d 210, 223) inasmuch as the vehicle precisely matched a witness's description of the car used in the shooting *(see, People v Salvaty,* 163 AD2d 494; *People v Byrd,* 156 AD2d 374). In addition, after the stop the defendant informed the officer that his name was Rudolph Bailey, an alias known to be used by him and which was printed on his automobile registration. The defendant's girlfriend also told police that the defendant drove a vehicle matching the description of the one stopped and that the defendant had been involved in a shooting. These factors elevated the level of suspicion to probable cause and justified the defendant's arrest *(see, People v Salvaty, supra; People v Byrd, supra; People v White,* 117 AD2d 127, 131).

The defendant claims that the police, who falsely stated that there were people who could place him at the scene of the shooting, created a substantial risk that he would incriminate himself, thereby rendering his confession involuntary. This claim is without merit since the police had a reasonable basis to believe that there were people who could place the defendant at the scene of the crime and the police conduct was not so fundamentally unfair as to deny him due process

*(see, People v Tarsia,* 50 NY2d 1, 11; *People v Peters,* 157 AD2d 806, 807-808; *People v Lewis,* 122 AD2d 426, 427).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.