■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN GALAK, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered July 22, 1991, convicting him of criminal possession of a weapon in the third degree (two counts), possession of master or manipulative keys for motor vehicles, and possession of burglar's tools, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence and a statement by him to law enforcement authorities.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

A police officer stopped the vehicle in which the defendant was a passenger after having ascertained that the license plate displayed on the vehicle had expired. The driver of the vehicle was unable to produce a license, registration, or proof of insurance, and admitted that her license had been suspended. The driver was thereupon arrested, and a search of the vehicle was conducted in accordance with the standard procedures followed by the police whenever a vehicle is impounded. This search led to the discovery of contraband and, upon questioning by the officer, the defendant admitted that the contraband belonged to him.

Contrary to the defendant's argument on appeal, there is no evidence in this case from which it could be inferred that the "stop" of the vehicle in which he was a passenger was a mere pretext *(cf., People v Mezon,* 140 AD2d 634). Also, considering that the defendant was incapable of driving the vehicle, because his own license had been suspended, and also considering that the driver had been taken into custody lawfully, we conclude that the police officer had no choice but to impound the vehicle. The inventory search conducted in accordance

with standard procedure was clearly valid *(see, e.g., People v Brooks,* 161 AD2d 655). At the time he made a statement concerning his ownership of the contraband, the defendant was not in custody. The question was a necessary one, designed only "to permit the officers to clarify the nature of the situation and, if warranted, to permit the [defendant] to proceed on [his] way" *(People v Clark,* 172 AD2d 679, 681). Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.