THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD SHEPLEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered July 10, 1991, convicting him of bail jumping in the third degree, criminal possession of a weapon in the fourth degree, and operation of an unregistered motor vehicle, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements by the defendant to law enforcement authorities, and physical evidence.

Ordered that the judgment is affirmed.

We agree with the trial court's determination that the stop of the defendant's vehicle was based upon reasonable suspicion *(see, People v De Bour,* 40 NY2d 210; *People v Ingle,* 36 NY2d 413; *see also, People v Hollman,* 79 NY2d 181). A police officer testified that in the evening hours of October 7, 1990, she observed the defendant driving very slowly in a white van with California license plates, twice circling an area of approximately five blocks. In addition, the officer testified that a few days before, she had read a flyer that indicated that a number of burglaries had occurred in that same area in the evening hours and that a white van with out-of State license plates was suspected of being involved in those burglaries. These facts were sufficient to establish reasonable suspicion justifying stopping the defendant and ordering him to exit the van *(see,* CPL 140.50; *People v Landy,* 59 NY2d 369; *People v Sobotker,* 43 NY2d 559; *People v Salvaty,* 163 AD2d 494; *People v Byrd,* 156 AD2d 374; *People v Bloise,* 150 AD2d 382; *People v Williams,* 121 AD2d 488). Moreover, the gun and ammunition found in the defendant's van was discovered pursuant to an inventory of the contents of the van. The inventory search was conducted after the police officer learned that the defendant's registration had expired approximately two months before and thus determined that the defendant's van was to be impounded. Thus, the gun and ammunition were properly deemed admissible *(see, People v Galak,* 182 AD2d 702; *People v Brooks,* 161 AD2d 655; *People v Robinson,* 36 AD2d 375). Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.