■ The People of the State of New York, Respondent, v Stephen P. Fullagar, Appellant. [598 NYS2d 415] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of two counts of arson in the third degree, criminal mischief in the third degree, burglary in the third degree and petit larceny. That verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). The testimony of the alleged accomplice was supported by corroborative evidence "tending to connect the

defendant with the commission" of the crimes (CPL 60.22 [1]; *People v Moses,* 63 NY2d 299, 306; *People v Brooks,* 144 AD2d 1012, *lv denied* 73 NY2d 889). The trial court did not err in permitting testimony of a prior uncharged crime because it was relevant to establish defendant's motive for the attempted arson at the Lakeside Country Club maintenance barn *(see, People v Molineux,* 168 NY 264, 293). The photograph of the gas can was not one that would inflame the jury and prejudice it against defendant *(see, People v Pobliner,* 32 NY2d 356, 370, *cert denied* 416 US 905). The identity of the rock found in the car and its unchanged condition were sufficiently proven and that evidence was properly admitted *(see, People v Julian,* 41 NY2d 340, 342-343; *People v Ramos,* 147 AD2d 718, *lv denied* 74 NY2d 817). In view of the seriousness of defendant's actions and the number of crimes he committed in a relatively short period of time, the court did not abuse its discretion in imposing the sentence. (Appeal from Judgment of Yates County Court, Falvey, J.—Arson, 3rd Degree.) Present—Callahan, J. P., Green, Lawton, Doerr and Boomer, JJ.