■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN FORD, Appellant. [611 NYS2d 504] —Judgment, Supreme Court, New York County (Joan B. Carey, J.), rendered June 5, 1990, convicting defendant, upon his guilty plea, of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 2 to 6 years and 1 to 3 years, respectively, unanimously affirmed.

Defendant's motion to suppress physical evidence was properly denied. Drugs and bullets were lawfully recovered from defendant's person on various grounds, including that because the arresting detective had an undisputedly valid search warrant which included the right to search defendant's person, that the detective was aware that a murder indictment had been voted, although not yet filed, against defendant, and finally because the detective had actually spoken with a grand jury witness, whose reliability is presumed pursuant to the "citizen-witness" standard *(see, People v Chipp,* 75 NY2d 327, 339-340, *cert denied* 498 US 833), who saw defendant participate in the murder. Any one of these factors justified the arrest of defendant and search of his person.

The discovery, at the police station, of bullets and drugs on defendant's person gave the police the right to search the car defendant had been seen driving shortly before his arrest, pursuant to the "automobile exception" to the requirement of a search warrant *(People v Ellis,* 62 NY2d 393). Even assuming that the car was already in police custody prior to the discovery of the bullets and drugs, that custody was a reasonable exercise of police discretion *(see, Colorado v Bertine,* 479 US 367, 375), since defendant was under arrest, and, although defendant's wife, a licensed driver, was present, the car was registered to an absent third person. In any event, the search of the car flowed directly from the lawful discovery of the bullets and drugs on defendant's person and was completely attenuated from the "seizure", if any, of the car *(People v Arnau,* 58 NY2d 27, *cert denied* 468 US 1217). Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Williams, JJ.