■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CROSWELL SCOTT, Appellant. [621 NYS2d 260] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that the suppression court should have summarily granted that portion of his omnibus motion that sought suppression of physical evidence. The failure to submit opposing papers is not tantamount to an affirmative concession that the facts alleged by defendant are true. It was understood that the People would respond to defendant's motion at a later time, and the court did not err in conducting

the hearing without the People's response *(cf., People v Trice,* 101 AD2d 581, 586, *lv denied* 63 NY2d 779).

Further, the court did not err in denying the motion to suppress. Defendant was lawfully stopped for a speeding violation and produced a driver's license that had expired more than a year before. A check on that license revealed 18 active suspensions. Defendant was arrested for aggravated unlicensed operation, handcuffed, frisked and placed in a police vehicle. A check on the driver's license produced by the other occupant of the vehicle revealed 25 active suspensions. Because neither occupant could drive the van from the scene, the State Police called for a tow truck and conducted an inventory search of the van. That search revealed drug paraphernalia: a 100-gram weight found in a briefcase in the rear of the van, thumbnail size glassine envelopes and a bottle of mannitol contained in paper bags underneath the driver's seat. Under the circumstances of this case, the State Police were justified in conducting that inventory search pursuant to the written manual issued by the Department of State Police *(see, People v Galak,* 80 NY2d 715; *People v Gonzalez,* 62 NY2d 386) and in conducting the strip search of defendant incidental to his arrest *(see, People v Phelps,* 192 AD2d 483, *lv dismissed* 82 NY2d 758; *People v Materon,* 107 AD2d 408, 415-416).

Defendant failed to preserve for review his contentions that the court erred in failing to instruct the jury that the People were required to prove that defendant knew the weight of the cocaine *(see, People v Mammarello,* 209 AD2d 999; *People v Echols,* 209 AD2d 1000) and in instructing the jury on presumptive possession of a controlled substance and the elements of the crimes of criminal impersonation in the second degree and using the license of another *(see,* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340, 351). We decline to review those contentions as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

We have reviewed defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Green, J. P., Balio, Wesley, Callahan and Doerr, JJ.