■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD M. GREAR, Appellant. [649 NYS2d 36] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered August 1, 1995, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the inventory search of the rental car he was operating was reasonable under the circumstances of this case (*see generally, People v Galak,* 80 NY2d 715; *People v Scott,* 210 AD2d 920). The car had been legitimately stopped for speeding and the defendant failed to produce a license or registration for the vehicle, which proved to be a Pennsylvania rental car (*see, People v Scott, supra; People v Brooks,* 161 AD2d 655). Therefore an arrest of the defendant was appropriate for the violations of the Vehicle and Traffic Law (*see, People v Brooks, supra; People v Cammock,* 144 AD2d 375; *see also, People v Scott,* 210 AD2d 920, *supra*). The defendant's passenger produced a rental agreement indicating that the car had been rented to a woman whom he identified as a friend. However, the passenger was unable to provide his alleged friend's address or telephone number. Since neither the driver nor the passenger was listed on the rental agreement, it was reasonable for the arresting officer to make further inquiry into the status of the rental car (*see, People v Foster,* 173 AD2d 841; *People v Wilson,* 161 AD2d 742; *see also, People v Ford,* 203 AD2d 194; *People v Vazquez,* 135 AD2d 896). The decision to impound the car and conduct an inventory search was reasonable and in accordance with standard police procedures (*see, Colorado v Bertine,* 479 US 367; *People v Rhodes,* 206 AD2d 710; *People v Cammock, supra*). Therefore, suppression of the cocaine found in the car was properly denied.

The defendant's remaining contentions are without merit. Miller, J. P., Ritter, Krausman and Florio, JJ., concur.