OPINION OF THE COURT
Lewis L. Douglass, J.
This is a motion to dismiss the indictment, pursuant to CPL 210.30 on the grounds that the evidence before the Grand *767 Jury was not legally sufficient. The question to be resolved is whether the statutory presumption that all occupants of an automobile are in knowing possession of drugs found in the car may be applied when the drugs are found in the trunk of the car.
The issue is particularly troubling since if the presumption is to be routinely applied to anyone who enters a car, innocent people who step into a car, not knowing drugs are in the trunk, can be charged with the serious crime of drug possession. That frightening possibility must be balanced, however, against the equally important concern that if the presumption is not applied to drugs in the trunk, drug dealers, if wise enough, could transport their drugs in the trunk and only the driver would be subject to successful prosecution. Indeed, it was the difficulty in prosecuting drug traffickers which caused the Legislature to originally create the drug presumption (People v Leyva, 38 NY2d 160) and its constitutionality is well settled. (Ulster County Ct. v Allen, 442 US 140.)
Defendants argue that those cases which suggest that the gun presumption is not applicable to guns in the trunk should serve as sufficient analogy to produce the same result with respect to the drug presumption. (See, People v Ballard, 133 Misc 2d 584.) Assuming, arguendo, that the gun presumption is inapplicable to guns in the trunk, there is a significant distinction between guns and drugs. Guns, though dangerous, are not universally condemned. Drugs are illegal in every State and under Federal law. Guns, even if illegally possessed, carry minimal sentences as compared to drug sentences of up to 25 years to life. Guns are of modest value and are possessed by many law-abiding citizens. Small quantities of drugs have values in the thousands of dollars and possession under any circumstances is illegal. Guns and drugs simply are not comparable and, thus, those cases which seem to cast doubt on the applicability of the gun presumption to guns found in trunks are not pertinent to understanding the drug presumption.
An analysis of the statute indicates that in creating the drug presumption the Legislature did not intend to preclude its application to drugs in the trunk of the car. In creating the presumption with respect to drugs found in a room the Legislature restricted the application of the presumption to drugs in "open view”. (Penal Law § 220.25 [2].) No such restriction is found in subdivision 1 which creates the presumption with respect to drugs in a car. Moreover, the Legislature made a judgment about what form of concealment would preclude the *768 application of the presumption when it provided that the presumption may not be applied when drugs are "concealed upon the person of one of the occupants” (emphasis added) but placed no such restriction to the application of the presumption if the drugs are "concealed” in a car. Statutory analysis is not, however, fully dispositive of the issue since unthinking application of the presumption would create a significant risk of unwarranted prosecutions. The challenge of the court is to fashion a rule which recognizes the requirements of effective law enforcement and at the same time minimizes the risk of unwarranted prosecution. It must be admitted, however, that no matter where the line its drawn, as long as the presumption remains, there will be some risk of unwarranted prosecution.
The law has recognized that effort to control the flow of drugs requires that the risk be taken. In sustaining the legality of the drug presumption the Court of Appeals relied on the conclusion of the 1972 Interim Report of the Temporary State Commission to Evaluate the Drug Laws where the Commission said: " 'We do not believe that persons transporting dealership quantities of contraband are likely to go driving around with innocent friends or that they are likely to pick up strangers. We do not doubt that this can and does in fact occasionally happen, but because we find it more reasonable to believe that the bare presence in the vehicle is culpable, we think it reasonable to presume culpability in the direction which the proven facts already point. Since the presumption is an evidentiary one, it may be offset by any evidence including the testimony of the defendant, which would negate the defendant’s culpable involvement.’ ” (People v Leyva, 38 NY2d 160, 166-167, supra; emphasis added.)
The Supreme Court in Ulster County Ct. v Allen (442 US 140, supra) points out that the application of the presumption depends on whether there is a rational connection between the known fact, that the defendants were in a car with drugs in the trunk, and the inferred fact, that they knew the drugs were in the trunk.
Resolution of that issue turns on whether the amount of drugs recovered creates a fair inference that the drugs are being transported by drug traffickers. Drug traffickers are not only classic international drug dealers or even middle-level drug dealers operating on a more local stage. Trafficking must include all who sell drugs either as a long-term or short-term business effort. To restrict the presumption only to dealers of *769 enormous quantities would lead to an unacceptable result of conferring immunity on street level dealers.
The rule must therefore be that if the amount of drugs involved or the manner in which they are packaged allows for the fair inference that the drugs were not being transported for personal use, the presumption may be applied even if the drugs are found in the locked trunk of a car. In this case, 199 individual glossines were recovered and, thus, a fair inference can be drawn that these drugs were not being transported for personal use, but rather, were being transported for eventual sale and, therefore, the presumption is applicable.
Accordingly, the motion to dismiss the indictment is denied.