■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. BONSIGNORE, III, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered June 19, 1985, convicting him of criminal possession of stolen property in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

A review of the record indicates that the evidence in question was properly seized. There is no merit to the defendant's contention that the police used his vehicle's defective taillight as a pretext to approach. Having observed a traffic violation, the police properly approached the defendant's vehicle and asked him for his license and registration (see, People v Ellis, 62 NY2d 393, 396). The police were also justified in approaching the vehicle since an articulable basis to inquire was present: to wit, defendant and his vehicle matched a description previously furnished to the police in connection with the use of a stolen credit card at a nearby gasoline station and the defendant was observed in a high-frequency drug area in a suspicious situation (see, People v Harrison, 57 NY2d 470, 481; People v De Bour, 40 NY2d 210, 223). The defendant's statement "it's only a little pot. It's mine" when the officer ob-

served a plastic bag of marihuana on the center console *(see, People v Gavin,* 115 AD2d 618) provided probable cause to arrest the defendant and to conduct a search incidental thereto *(see, People v Troiano,* 35 NY2d 476, 478), since the police had reason to believe the vehicle might contain evidence related to the crime for which defendant was arrested *(see, People v Belton,* 55 NY2d 49, 55, *rearg denied* 56 NY2d 646). Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.