■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO FEBLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered October 1, 1987, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we conclude, contrary to the defendant's contention, that the evidence was legally sufficient to establish that the defendant possessed a loaded shotgun, either as a principal or in concert with another, with intent to use it unlawfully against another *(see,* Penal Law § 265.03).

We agree with the defendant that the trial court should not have denied his request for an adjournment in order that he might attempt to secure the testimony of Darwin Ware, one of the individuals with whom he had been indicted *(see, People v Spears,* 64 NY2d 698; *People v Africk,* 107 AD2d 700, 702). Defense counsel's failure to attempt to secure Ware's presence earlier was occasioned by the trial court's prospective ruling that it would permit the introduction into evidence of the minutes of Ware's guilty plea. It was not until the trial court reversed its earlier decision and refused to admit the plea minutes into evidence that the need to produce Ware arose. At that point, the trial court should have granted the defendant's request for a reasonable adjournment so that Ware could have been produced. However, we conclude that the omission by the trial court does not warrant reversal. The defendant was able to elicit from another witness that Ware took full responsibility for possessing the shotgun in question, so that there is no significant probability that the jury would not have convicted the defendant had Ware testified. Moreover, evidence of the defendant's guilt was overwhelming. Thus, the failure to grant the requested adjournment was harmless *(see, People v Crimmins,* 36 NY2d 230).

We further conclude that, contrary to the defendant's contention, the trial court did not err in charging the jury that the statutory presumption found in Penal Law § 265.15 (3) was applicable to those counts of the indictment under which the defendant was charged with possessing the shotgun he claimed was possessed by one of his codefendants, since the evidence adduced at trial did not clearly establish that the shotgun was possessed by someone other than the defendant *(see, People v Lemmons,* 40 NY2d 505; *People v Hicks,* 138 AD2d 519).

Finally, we have considered the defendant's remaining contentions and find that they do not warrant reversal. Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.