■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN WARRINGTON, Appellant. [597 NYS2d 119] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Scarpino, J.), rendered March 29, 1991, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a weapon in the third degree (two counts), and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial evidence showed that State Troopers recovered four ounces of cocaine, 200 glassine envelopes, and two loaded handguns from inside an automobile in which the defendant was a passenger. On appeal, the defendant contends that the statutory presumptions of constructive possession as to the cocaine (Penal Law § 220.25 [1]) and the weapons (Penal Law § 265.15 [3]), which were charged to the jury, were improperly applied since this contraband was found inside a stereo speaker in the trunk of the car. We disagree.

The statutory presumptions are applicable where, as here, there is a rational connection between the facts proved by the prosecution—the presence of the defendant and the contraband in the car, and the presumed fact—the defendant's knowledge of the contraband *(see, Ulster County Ct. v Allen,* 442 US 140; *People v Leyva,* 38 NY2d 160). Because the trunk was unlocked and secured only by a rope and the speaker could be opened simply by unscrewing the top, the contraband was clearly accessible to the defendant *(see, People v Lemmons,* 40 NY2d 505; *People v Glenn,* 185 AD2d 84; *People v*

*Hicks,* 138 AD2d 519). Moreover, the nature and quantity of the evidence seized from the car and the fact that additional quantities of drugs were recovered from the defendant's person indicates that he was a knowing participant in a drug selling operation *(see, People v Leyva, supra; People v Rivera,* 135 Misc 2d 766). Contrary to the defendant's contention, it can be rationally inferred from these facts that he had the ability and intent to exercise dominion and control over the contraband *(see, People v Lemmons, supra; People v Glenn, supra; People v Hicks, supra).*

Nor do we find the defendant's sentence to be excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Miller and Pizzuto, JJ., concur.