OPINION OF THE COURT
J. Emmett Murphy, J.
By order to show cause, dated February 28, 1994, defendants move for renewal and reargument of so much of the court’s prior decision and order, entered December 2, 1993, as denied, after an inspection of the Grand Jury minutes, that branch of their respective omnibus motions to dismiss or reduce the first count of the indictment, predicated upon the argument that it was not supported by legally sufficient evidence. Relying upon the Court of Appeals recent decision in People v Ryan (82 NY2d 497), defendants request the court to reinspect the Grand Jury minutes and to reduce the first count of the indictment, charging defendants with criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) upon the ground the People failed to adduce legally sufficient evidence establishing that each had knowledge of the weight of the cocaine. The People oppose the application.
The motion, properly designated as one to reargue based upon a subsequent authoritative decision clarifying the mens rea element for drug possession offenses which require a minimum quantity of the drug, is granted and, upon reargument, the motion to dismiss or reduce the first count of the indictment is denied.
Criminal possession of a controlled substance in the first degree, as defined in Penal Law § 220.21 (1), requires proof that defendant knowingly and unlawfully possessed sub *846 stances of an aggregate weight of four ounces or more containing a narcotic drug, i.e., cocaine. As was acknowledged in Ryan (supra), there is a distinction between inferences that may reasonably be drawn regarding a person’s knowledge of the pure weight of a controlled substance, when it is mixed with other materials in amounts not ascertainable except by the person who created the mixture or by chemical analysis, and inferences that may reasonably be drawn by direct sensory perception. The charged offense in this case is one of aggregate weight and the amount of cocaine discovered in the trunk of the vehicle, which was occupied solely by the defendants, was almost 18 times the requisite statutory weight.
The evidence presented at the Grand Jury established the following facts. A State Trooper stopped a vehicle being driven by defendant Garcia for a traffic infraction. Defendant Salazar was a passenger in the vehicle and the car was registered in his wife’s name. The defendants were en route to their homes in Rhode Island after an overnight stay in New York City. Both defendants exhibited nervous behavior that was not commensurate with being stopped for a mere traffic violation —speeding. After ascertaining that neither defendant had a valid driver’s license, the Trooper advised them that he was going to impound the car. He instructed defendants to stand in front of the vehicle while he conducted an inventory search. While searching the trunk, defendant Salazar attempted to flee by climbing over a chain link fence adjacent to the shoulder of the highway. In the trunk, the Trooper discovered an unzipped and unlocked black canvas bag. Inside the canvas bag were two plastic bags, containing an aggregate weight of 4.4 pounds of cocaine. It is significant that the cocaine was packaged in dealership quantities. Each plastic bag was coated with an oily lubrication type substance and held a kilogram brick of cocaine. Additionally, Garcia, as the driver, had access to the car keys and, concomitantly, had the ability to exercise dominion and control over the contents in the trunk.
It is well settled that knowledge may be proven circumstantially and that, generally, possession suffices to permit the inference that the possessors know what they possess (People v Mizell, 72 NY2d 651; People v Reisman, 29 NY2d 278, 285). Furthermore, the statutory automobile presumption of knowing possession set forth in Penal Law § 220.25 (1) is applicable, where, as here, there is a rational connection between the facts proved by the prosecution — the presence of the defen *847 dants and the contraband in the car — and the presumed fact— the knowledge of the contraband in the trunk (see, People v Glenn, 185 AD2d 84; People v Warrington, 192 AD2d 735; People v Rivera, 135 Misc 2d 766).
Penal Law § 220.25 (1) provides that the presence of a controlled substance in an automobile is presumptive evidence of knowing possession thereof by each and every person in the automobile. The two underlying facts which the statute requires to be proved before the presumption applies is (1) the fact defendants were in the car, and (2) the drugs were found in it. Once the prosecution has proven these two facts, it is entitled to rely on the presumption as a part of its prima facie case (People v Leyva, 38 NY2d 160, 169). While there is no proof that defendants handled, saw or procured the canvas bag of cocaine, the presumption is applicable to establish the element that defendants knowingly possessed a bag containing cocaine. Moreover, there is no sound reason that presumptive evidence of knowing possession must be restricted merely to knowledge of the kind, but not the quantity, of the controlled substance in the automobile, provided there is a reasonably high degree of probability that the presumed fact (knowledge of the weight) follows from the facts proved directly (aggregate weight of substance in the canvas bag is 18 times the requisite statutory weight of four ounces or more of cocaine, and weighs 2004 grams, i.e., accurately measured weight of two kilograms to within .2%). Here, not only is the aggregate weight grossly disproportionate to the statutorily required weight, but ignorance of the significance and value of accurate measurements of the substance is highly unlikely due to the nature of narcotics traffic and the high monetary value attached to even small amounts of illicit drugs (see, People v Green, 35 NY2d 437, 442-443).
In sustaining the legality of the automobile drug presumption, the Court of Appeals relied upon the conclusion of the 1972 Interim Report of the Temporary State Commission to Evaluate the Drug Laws where the Commission stated:
" 'We believe, and find, that it is rational and logical to presume that all occupants of a vehicle are aware of, and culpably involved in, possession of dangerous drugs found abandoned or secreted in a vehicle when the quantity of the drug is such that it would be extremely unlikely for an occupant to be unaware of its presence * * *
" 'We do not believe that persons transporting dealership *848 quantities of contraband are likely to go driving around with innocent friends or that they are likely to pick up strangers. We do not doubt that this can and does in fact occasionally happen, but because we find it more reasonable to believe that the bare presence in the vehicle is culpable, we think it reasonable to presume culpability in the direction which the proven facts already point. Since the presumption is an evidentiary one, it may be offset by any evidence including the testimony of the defendant, which would negate the defendant’s culpable involvement.’ (Controlled Substances, Dangerous Unless Used as Directed, NY Legis Doc, 1972, No. 10, p 69.)” (People v Leyva, 38 NY2d 160, 166-167, supra.)
The situation described in the report is precisely the one before the court. Here, the probabilities justifying the inference of knowledge of not only the type of drug, but also its weight, are sufficient to make the presumption applicable. Clearly, the dealership quantities of cocaine and the manner in which it was packaged allows for the fair inference that the drugs were being transported by drug traffickers (see, People v Glenn, supra; People v Rivera, supra). When stopped for a mere traffic infraction, the demeanor of Garcia, who also had access to the car keys and the locked trunk, further support the inference that he had control over and knowledge of the contents of the trunk. Similarly, Salazar’s attempt twice to flee while the trunk was being searched also supports an inference that he knew the trunk contained a bag of cocaine. Under these circumstances, it is rational to presume that both defendants knew the unzipped bag in the trunk of a vehicle owned by the passenger’s spouse contained cocaine. Since one can presume that both defendants knew the unzipped bag in the trunk contained cocaine, the very large "dealership” quantities of cocaine being transported, as well as the manner in which the cocaine was packaged, fairly leads to the inference that defendants knew the aggregate weight was in excess of four ounces (see, People v Reisman, 29 NY2d 278, 287, supra ["(p)ossession in the first degree * * * depended on the quantity of the drug involved. The weight of the contraband * * * was uncontradicted. Moreover, the nature of the case and its circumstances depended entirely on a commercial-like shipment of the large quantity. The case could stand or fall on that proof and no other”]). The court concludes that the competent evidence presented to the Grand Jury was legally sufficient as it established a prima facie case of criminal possession of a controlled substance in the first degree.
*849 The court also rejects defendants’ contention that the legal instructions to the Grand Jury were so inadequate or erroneous as to have impaired the integrity of the Grand Jury proceedings. The prosecutor adequately instructed the jury with respect to the crime of criminal possession of a controlled substance in the first degree by reading the statutory language, as well as the definitions of knowingly and possess, and the permissive automobile presumption. In Ryan, the Court of Appeals stated that from a mere reading of the statutory language of the drug possession offenses, requiring a particular weight element, it is "evident that 'knowingly’ does apply to the weight element * * * any other reading would be strained” (People v Ryan, 82 NY2d 497, 502, supra). Therefore, regardless of how lawyers may have opted to strain the meaning of the statutory language, grand jurors may be presumed to have understood the statute as interpreted by the Court of Appeals. Accordingly, the court concludes that the legal instructions, which need not be as precise as those to a petit jury, were in compliance with the dictates of People v Valles (62 NY2d 36) and People v Calbud, Inc. (49 NY2d 389). Contrary to defendants’ contention, the prosecution had no duty to give a circumstantial evidence charge to the Grand Jury (People v Morales, 183 AD2d 570; see also, People v Daddona, 81 NY2d 990, 992).