■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS SALAZAR, Appellant. [640 NYS2d 167]

The defendant was a passenger in a vehicle driven by the co-defendant, which was stopped by a New York State Police Trooper for exceeding the speed limit of the New York State Thruway. After ascertaining that the driver's licenses of both the defendant and the codefendant had been suspended, the subject vehicle was impounded and an inventory of the impounded vehicle was conducted at the scene. The trooper completed a "General 21" police inventory form as he searched the vehicle to record any damage thereto or the presence of valuable items therein. This inventory form provided a specific list of items and areas of the vehicle to be checked by the trooper. A search of an unlocked bag in the trunk revealed an opaque cellophane bag, the size and shape of a brick, covered with an oily substance. Upon seeing the defendant unavailingly attempt to scale a fence which bordered the highway, and suspecting that the cellophane bag contained a narcotic, the trooper opened the cellophane, found cocaine, and placed the defendant and the codefendant under arrest. The County Court held that the cocaine was admissible because the initial stop of the vehicle was proper, the trooper was authorized to impound the car, and the ensuing inventory search was reasonable. We affirm.

An inventory search of a vehicle, which is an exception to the search warrant requirement, must be both reasonable and conducted pursuant to a "single familiar standard" or established police agency procedure (*People v Galak,* 80 NY2d 715, 716, quoting *Colorado v Bertine,* 479 US 367, 375; *Florida v Wells,* 495 US 1). The "single familiar standard" or established police procedure must meet two criteria: "First, the procedure must be rationally designed to meet the objectives that justify the search in the first place (*Florida v Wells, supra,* at 4). Second, the procedure must limit the discretion of the officer in the field *(id.)*" (*People v Galak, supra,* at 719). The establishment of such limits "assures that the searches are carried out consistently and reasonably and do not become

little more than an excuse for general rummaging to discover incriminating evidence" (*People v Galak, supra,* at 719).

Here, the trooper's testimony and the inventory form which he completed during the inventory search were sufficient to establish that he had followed police procedure concerning inventory searches. Although the inventory search did not produce a record of every item that was in the vehicle, it was proven to have been conducted pursuant to a police procedure which was rationally designed to meet the objectives justifying such a search, and which effectively limited the trooper's discretion so as to assure that he was not simply rummaging for incriminating evidence (*cf., People v David,* 223 AD2d 551).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Copertino, Pizzuto and Florio, JJ., concur. [*See,* 160 Misc 2d 844.]