■ The People of the State of New York, Appellant, v Jair Duran Gonzales, Also Known as Jair Duran Gonzalez, and Luzdary Estrada, Respondents. [653 NYS2d 929] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Robinson, J.), dated April 20, 1994, as granted those branches of the defendants' omnibus motions which were to dismiss the indictment for lack of legally sufficient evidence.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the defendants' omnibus motions which were to dismiss the indictment for lack of legally sufficient evidence are denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Penal Law § 220.25 (1) provides, in pertinent part, that "[t]he presence of a controlled substance in an automobile * * * is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found". Application of this statutory presumption does not run afoul of constitutional considerations as long as there is a rational connection between the fact proved by the prosecution (i.e., the presence in the automobile of both the contraband and the defendant), and the fact to be presumed (i.e., the defendant's knowing possession of the contraband) *(see, People v Leyva,* 38 NY2d 160, 165; *People v Warrington,* 192 AD2d 735). Moreover, the Court of Appeals has refined the concept of "rational connection", stating that such connection "must assure 'a reasonably high degree of probability' that the presumed fact follows from those proved directly" *(People v Leyva, supra,* at 166, quoting *People v McCaleb,* 25 NY2d 394, 404).

Here, the People presented uncontroverted evidence establishing that over four pounds of cocaine were present in the trunk of the automobile in which the defendants had been traveling as passengers. Once the People had proven the presence in the automobile of both the defendants and the contraband, the People were entitled to rely on the statutory

presumption in establishing their prima facie case *(see, People v Leyva, supra,* at 169; *People v Garcia,* 160 Misc 2d 844, 847). The sequence of events leading up to the defendants' arrest, as well as the so-called "dealership" quantity of contraband involved, provide the requisite " 'reasonably high degree of probability' " that the defendants' knowing possession of the contraband followed from their presence in the subject automobile *(People v Leyva, supra,* at 166; *see also, People v Warrington, supra,* at 736; *People v Glenn,* 185 AD2d 84, 89; *People v Garcia, supra,* at 848; *People v Rivera,* 135 Misc 2d 766, 768-769).

Viewing the evidence presented to the Grand Jury in a light most favorable to the People *(see, People v Jennings,* 69 NY2d 103, 114), we find that it was legally sufficient to establish the material elements of the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree *(see,* Penal Law §§ 220.16, 220.21). Accordingly, the Supreme Court erred in dismissing the indictment.

The defendants' contention with reference to the admission of the Police Laboratory Controlled Substance Analysis Report *(see,* CPL 190.30 [2]) is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245, 250), and, in any event, without merit *(see, People v Washington,* 228 AD2d 23 [decided herewith]). Rosenblatt, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.