■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v OTHA MILLER and AARON ROBINSON, Respondents. [655 NYS2d 579] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated October 26, 1994, as granted those branches of the omnibus motions of the defendants Aaron Robinson and Otha Miller which were to suppress 25 vials of cocaine, and granted that branch of the omnibus motion of the defendant Miller which was to suppress a gun.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the omnibus motion of the defendant Miller which was to suppress the gun is denied, and the matter is remitted to Supreme Court, Queens County, for further proceedings consistent herewith.

The defendants Otha Miller and Aaron Robinson, along with

three others, were present in a vehicle which was stopped for a traffic infraction. The police arrested four of the occupants, with one escaping, after discovering the butt of a gun sticking out from under the driver's seat. The vehicle was impounded and brought back to the precinct house where an inventory search revealed 25 vials of cocaine tucked in the back seat of the car.

Having concluded that the police were justified in stopping the defendants' vehicle and that the officer in question properly seized the gun, the Supreme Court erred in granting the defendant Miller's application to suppress the gun based on its conclusion that the police lacked probable cause to arrest Miller. The presence of the weapon in the car gave the officers probable cause to arrest the occupants (see, People v Davis, 182 AD2d 770) and it is for the trier of fact to determine whether Miller, in fact, possessed the gun (see, Penal Law § 265.15 [3]; People v Lemmons, 40 NY2d 505, 511-512).

The 25 vials of cocaine were discovered in the car pursuant to an inventory search at the precinct house. An inventory search is the search of property lawfully seized and detained in order to ensure that it is harmless, to secure valuable items, and to protect against false claims of loss or damage (see, Whren v United States, 517 US 806, 811-812; see also, South Dakota v Opperman, 428 US 364, 369). Such a search is to be conducted according to a familiar routine procedure (Colorado v Bertine, 479 US 367, 375) that must be rationally designed to meet the objectives that justify the search as well as limit the discretion of the officer conducting it in the field (Florida v Wells, 495 US 1). As to those branches of the omnibus motions of Miller and Robinson which were to suppress the 25 vials of cocaine, a hearing is required to determine whether there was a police department procedure in place for conducting inventory searches, whether that procedure was reasonable by constitutional standards, and whether the police followed that procedure in this instance (see, People v Galak, 80 NY2d 715). Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.