■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE JACKSON, Appellant. [661 NYS2d 247] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered July 28, 1995, convicting him of burglary in the second degree (two counts), petit larceny (two counts), criminal mischief in the fourth degree (five counts), criminal possession of stolen property in the fifth degree (four counts), unlawful possession of marihuana, and operating a motor vehicle without lights, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence adduced at the suppression hearing demonstrated that the stop of his vehicle was not pretextual since it was based on the officer's observation that it was being operated with only one taillight, and failed to stop at a stop sign in violation of the Vehicle and Traffic Law, for which he was issued summonses *(see, People v*

*McCoy,* 239 AD2d 437; *People v David,* 223 AD2d 551; *People v Pincus,* 184 AD2d 666; *People v Petti,* 182 AD2d 720; *People v Frank,* 161 AD2d 794; *People v Ricciardi,* 149 AD2d 742; *People v Harvey,* 146 AD2d 585; *People v Bonsignore,* 133 AD2d 771). The subsequent seizure of numerous items of jewelry from the console next to the steering wheel was proper as those items were in plain view *(see, People v Ricciardi, supra,* at 743), and it was apparent that the jewelry was evidence of a crime *(cf., People v Carbone,* 184 AD2d 648, 650).

The defendant's vehicle was properly impounded since neither he nor his passenger had a valid driver's license *(see, People v Salazar,* 225 AD2d 804). Contrary to the defendant's contention, we find that it was reasonable for the officer to check the vehicle in order to secure it prior to having it towed to the impound lot. Thus, the discovery of a glassine envelope of marihuana in plain view on the console and a half-burned marihuana cigarette in the open ashtray was not improper.

Although the subsequent inventory search of the vehicle did not produce a record of every item that was in the vehicle, the evidence at the suppression hearing showed that it was conducted pursuant to a police procedure which was rationally designed to meet the objectives justifying such a search, and which effectively limited the officer's discretion so as to assure that he was not simply rummaging for incriminating evidence *(see, People v Salazar, supra,* at 805).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.