■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant. [681 NYS2d 30] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered September 26, 1995, convicting him of criminal possession of a controlled substance in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although the defendant's accomplice admitted to giving false testimony in a Grand Jury proceeding and testified at trial pursuant to a plea agreement with the People, these facts raised issues of credibility, which the jury resolved in favor of the prosecution. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal, and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The trial court's denial of the defendant's motion to dismiss the indictment on the ground of insufficiency of the Grand Jury evidence is not reviewable, since the appeal is taken from an ensuing judgment of conviction which is supported by legally sufficient trial evidence (*see,* CPL 210.30 [6]; *People v Pelchat,* 62 NY2d 97; *People v Bryant,* 234 AD2d 605).

The County Court correctly ruled that the cocaine found in the defendant's vehicle was admissible into evidence at trial. The evidence revealed that two State Troopers lawfully stopped the vehicle on the New York State Thruway after observing a violation of Vehicle and Traffic Law § 1128 (a) (*see, People v*

*Ingle,* 36 NY2d 413; *People v Jackson,* 241 AD2d 557; *People v Lamb,* 235 AD2d 829). Upon stopping the vehicle, it was discovered that none of the three occupants of the vehicle had a valid driver's license. Thereupon, the Troopers properly impounded the vehicle, and, following their department's standard procedure, inventoried its contents (*see, People v Salazar,* 225 AD2d 804). The ensuing search, which revealed the cocaine, was proper (*see, People v Galak,* 80 NY2d 715).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Bracken, J. P., Santucci, Krausman and Florio, JJ., concur.