■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE MCCORKLE, Appellant. [717 NYS2d 267] —Appeal by the defendant from a judgment of the County Court, Nassau County (Ort, J.), rendered December 9, 1997, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The People correctly concede that the trial court committed reversible error when, after defense counsel made his peremptory challenges, it permitted the prosecutor to exercise a peremptory challenge to exclude a prospective juror because he was of Haitian ancestry (*see, J.E.B. v Alabama,* 511 US 127, 140; *Powers v Ohio,* 499 US 400; *Edmonson v Leesville Concrete Co.,* 500 US 614; *Georgia v McCollum,* 505 US 42).

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The evidence adduced at the hearing established that a large quantity of clothing was seized when it was observed by the arresting officers, in plain view in the back seat of the vehicle in which the defendant was riding, after the vehicle was stopped on the basis of traffic violations (*see, Pennsylvania v Mimms,* 434 US 106; *People v Robinson,* 74 NY2d 773, 774-775, *cert denied* 493 US 966). The clothing, which was still on racks and hangers, and contained price tags from a nearby retail establishment, appeared to have been stolen (*see, People v Jackson,* 241 AD2d 557, 558).

In light of the foregoing, the defendant's further contention is academic. Mangano, P. J., Luciano, Feuerstein and Schmidt, JJ., concur.