(April 5, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THAYRON IRIZARRY, Appellant. [730 NYS2d 111] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered January 13, 1999, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The uncontradicted testimony at the suppression hearing established that a New York State Trooper observed the defendant's vehicle straddling two driving lanes in violation of the Vehicle and Traffic Law, for which a stop was appropriate (*see, People v Bhoje,* 275 AD2d 419; *People v King,* 266 AD2d 239; *People v Ortiz,* 265 AD2d 579; *People v Henry,* 258 AD2d 473; *People v McCoy,* 239 AD2d 437, 439). Pursuant to the violation stop, the trooper was authorized to approach the vehicle and ask for the defendant's license and registration (*see, Pennsylvania v Mimms,* 434 US 106; *People v Robinson,* 74 NY2d 773, 774-775, *cert denied* 493 US 966). When the defendant admitted that he did not have a valid license, the trooper had probable cause to arrest him pursuant to Vehicle and Traffic Law § 509 (1) (*see, People v Watson,* 177 AD2d 676). The trooper was then authorized to impound the vehicle and conduct an inventory search (*see, People v Jackson,* 241 AD2d 557), during which he recovered the contraband in question.

The defendant's contentions that the trooper exceeded the scope of the inventory search and that the inventory search was not properly reported are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Martin,* 50 NY2d 1029).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.