■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR ANTOINE, Appellant. [728 NYS2d 388] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered February 3, 1998, convicting him of assault in the second degree, criminal possession of a weapon in the second degree (three counts), and criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

An inventory search of a vehicle, which is an exception to the search warrant requirement, must be both reasonable and conducted pursuant to a "single familiar standard" or established police agency procedure (People v Galak, 80 NY2d 715, 716; see, Colorado v Bertine, 479 US 367, 375; Florida v Wells, 495 US 1). The "single familiar standard" or established police

procedure must meet two criteria. "First, the procedure must be rationally designed to meet the objectives that justify the search in the first place * * * Second, the procedure must limit the discretion of the officer in the field" (*People v Galak, supra*, at 719). The establishment of such limits "assures that the searches are carried out consistently and reasonably and do not become little more than an excuse for general rummaging to discover incriminating evidence" (*People v Galak, supra*, at 719).

Here, the detective's testimony and the inventory form which he completed soon after the search were sufficient to establish that he had followed police procedure rationally designed to meet the objectives justifying such a search, and which effectively limited his discretion so as to assure that he was not simply rummaging for incriminating evidence.

The defendant's remaining contentions, including those set forth in his supplemental *pro se* brief, are without merit. Krausman, J. P., S. Miller, Schmidt and Adams, JJ., concur.