■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHERINE KEARNEY, Appellant. [733 NYS2d 460] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered August 30, 2000, convicting her of criminal possession of a controlled substance in the fourth degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the arresting State Trooper had sufficient basis to stop her car for speeding (see, People v Belton, 55 NY2d 49; People v Grear, 232 AD2d 578; People v Salazar, 225 AD2d 804; People v Coggins, 175 AD2d 924). Thereafter, the Trooper conducted a routine, noncustodial roadside interrogation (see, People v Mathis, 136 AD2d 746) which resulted in the defendant's admission, confirmed by a radio check, that her Florida driver's license had been suspended; her passenger likewise was not licensed to drive the car. The trooper was thus within his authority to arrest the defendant, impound the car (see, People v Irizarry, 282 AD2d 995; People v Johnson, 254 AD2d 500; People v Salazar, supra), and conduct an inventory search to ensure that the personal property seized therein was not dangerous, to secure valuable items, and to protect the police against false claims that such property was stolen, lost, or damaged (see, People v Miller, 237 AD2d 535).

It is well settled that for a warrantless inventory search to be permissible, it must be both reasonable and conducted pursuant to a "single familiar standard" or established police procedure. That standard or procedure "must be rationally designed to meet the objectives that justify the search in the first place," and it must limit the discretion of the officer in the field; he may not use the stop as an excuse to rummage through the car (People v Galak, 80 NY2d 715, 719; see, People v Antoine, 285 AD2d 649). Contrary to the defendant's conclusory assertions, the inventory search here met the above requirements (see, People v Salazar, supra; People v Miller, supra). S. Miller, J. P., Luciano, Schmidt and Smith, JJ., concur.