■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY ALLEN BUCKMON, Appellant. [742 NYS2d 69] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered August 18, 1998, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court improperly denied his motion to suppress physical evidence and statements he made to law enforcement officials after his arrest as the fruit of an illegal search is without merit. Initially, we note that although the hearing court was faced with conflicting testimony at the suppression hearing, its findings are supported by the record and, therefore, will not be disturbed (*see People v Prochilo,* 41 NY2d 759, 761; *People v Jakins,* 277 AD2d 328; *People v Fryar,* 276 AD2d 641). Based on the testimony which the court credited at the hearing, a New York State Trooper appropriately stopped the vehicle the defendant was driving based upon his violation of the Vehicle and Traffic Law (*see People v Irizarry,* 282 AD2d 483; *People v Jackson,* 241 AD2d 557). Upon learning that the defendant's learner's permit had been revoked, the trooper had probable cause to arrest the defendant based on his violation of Vehicle and Traffic Law

§ 511 (1) (a). Further, when the passenger in the vehicle stated that he did not know its owner, the trooper was authorized to impound the vehicle and perform an inventory search in accordance with standard police procedures, during which he discovered the cocaine in question (*see People v Irizarry, supra*; *People v Jackson, supra*; *People v Grear,* 232 AD2d 578; *People v Salazar,* 225 AD2d 804).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Prudenti, P.J., Feuerstein, Friedmann and H. Miller, JJ., concur.