■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN FIGUEROA, Respondent. [776 NYS2d 574]—

Appeals by the People from (1) an order of the County Court, Nassau County (Calabrese, J.), dated May 1, 2002, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials, and (2) so much of an order of the same court dated June 27, 2002, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated May 1, 2002, is dismissed, as that order was superseded by the order dated June 27, 2002, made upon reargument; and it is further,

Ordered that the order dated June 27, 2002, is reversed insofar as appealed from, on the law and the facts, upon reargu-

ment, the order dated May 1, 2002, is vacated, those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement official are denied, and the matter is remitted to the County Court, Nassau County, for further proceedings consistent herewith.

While in his patrol car, a police officer observed the defendant driving a vehicle at an excessive rate of speed. He followed the defendant's vehicle and activated his roof light, at which point the vehicle made a sharp right turn. When the officer saw the vehicle a few moments later, it was stopped, the door was ajar and the defendant was walking away while talking on a cell phone. In response to the officer's preliminary questions, the defendant falsely identified himself and could not produce a driver's license or the registration for the vehicle. The officer learned that the defendant had not provided his true name when he ran a license check on the name given by the defendant and the description of the individual was not consistent with the defendant's appearance. The officer then requested assistance. When his backup arrived, he confronted the defendant who then gave his true name and stated that he initially used his brother's name because he had problems with his license. A license check revealed that the defendant's license had been revoked. The officer then arrested the defendant for aggravated unlicensed operation of a motor vehicle and criminal impersonation.

The police decided to impound the vehicle. As the officer leaned into the car to commence an inventory search, he detected the odor of marijuana. He saw a knapsack in the rear of the vehicle, opened the hatchback, and observed a large quantity of glassine envelopes spilling out of the knapsack. He also found a brown leafy substance, which he believed to be marijuana, inside. A subsequent further search revealed a scale and a handgun.

When the officer initially seized the knapsack, he observed another vehicle pull up behind the police cars. A woman exited and identified herself as the defendant's girlfriend. She stated that the vehicle was hers and produced the proper documentation. The officer asked if the knapsack belonged to her. While she stated that it did not, the defendant admitted that the bag was his. The vehicle was released to the woman and the defendant was transported to police headquarters together with the knapsack. After being given *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]) and waiving his rights, the defendant made incriminatory oral and written statements.

The defendant was subsequently indicted, inter alia, for the

crimes of criminal possession of a weapon in the third degree, criminal impersonation in the second degree, and criminal possession of marijuana in the fifth degree. The Supreme Court granted those branches of the defendant's omnibus motion which were to suppress the evidence recovered from the knapsack and his postarrest statements, concluding, among other things, that the search was not a valid inventory search because there was no testimony that a standard police inventory procedure existed and that such a procedure was followed (*see People v Johnson,* 1 NY3d 252 [2003]). The defendant's statements were suppressed as the fruit of the poisonous tree. We reverse because the evidence was not discovered as the result of an inventory search.

The initial determination of the police to impound the vehicle was proper because the defendant, the driver and sole occupant of the vehicle, did not have a valid license. At the time, his girlfriend was not present (*see People v Kearney,* 288 AD2d 398 [2001]; *People v Irizarry,* 282 AD2d 483 [2001]; *People v Johnson,* 254 AD2d 500 [1998]; *People v Jackson,* 241 AD2d 557 [1997]). When the officer leaned into the vehicle to commence an inventory search, he detected the odor of marijuana. He then had probable cause to believe the vehicle might contain drugs, justifying a search of the vehicle and its contents (*see People v Blasich,* 73 NY2d 673 [1989]; *People v Belton,* 55 NY2d 49 [1982]; *People v Guido,* 175 AD2d 364 [1991]; *People v Chestnut,* 43 AD2d 260 [1974], *affd* 36 NY2d 971 [1975]). Consequently, the evidence discovered in the knapsack should not have been suppressed. Further, the defendant's spontaneous postarrest statement admitting to ownership of the knapsack was admissible (*see People v James,* 278 AD2d 340 [2000]), as were his statements made after he knowingly, voluntarily, and intelligently waived his *Miranda* rights (*see Miranda v Arizona, supra; People v Carter,* 293 AD2d 484 [2002]). Altman, J.P., S. Miller, Krausman and Cozier, JJ., concur.