■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE COLLADO-RODRIGUEZ, Appellant. [850 NYS2d 759]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered January 25, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [former (1)]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Contrary to defendant's contention, Supreme Court did not err in instructing the jury with respect to the automobile presumption, pursuant to which the presence of a controlled substance in an automobile is presumptive evidence of the knowing possession of that substance by each person in the automobile at the time the controlled substance is found (see § 220.25 [1]). That instruction is appropriate only where there is "a rational connection between the facts which are proved and the one which is to be inferred with the aid of the presumption" (People v Leyva, 38 NY2d 160, 165 [1975],

*rearg denied* 39 NY2d 832 [1976]), and "the connection must assure 'a reasonably high degree of probability' that the presumed fact follows from those proved directly" (*id.* at 166, quoting *People v McCaleb*, 25 NY2d 394, 404 [1969]). The requisite connection existed herein. The People presented evidence establishing that, at the time of his arrest, defendant was a passenger in a vehicle he owned, and there was a backpack on the floor in front of him containing 49.126 ounces of heroin. Further, two police officers testified that, just before his arrest, defendant carried that backpack from his vehicle to the location of an arranged drug deal and returned to the vehicle with it when the arranged drug deal did not occur. That "sequence of events leading up to the defendant['s] arrest, as well as the . . . quantity of [heroin] involved, provide[d] the requisite ' "reasonably high degree of probability" ' that the defendant['s] knowing possession of the [heroin] followed from [his] presence in the subject automobile" (*People v Gonzales*, 235 AD2d 493, 494 [1997], *lv denied* 89 NY2d 1035 [1997], quoting *Leyva*, 38 NY2d at 166; *see People v Glenn*, 185 AD2d 84, 89 [1992]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.