■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YONG X. ZENG, Appellant. [17 NYS3d 648]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Modica, J.), rendered June 17, 2013, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the jury's findings that he knowingly possessed Ketamine, a controlled substance, and that he did so with the intent to sell it, were against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of these crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The defendant failed to rebut the presumption of knowing and unlawful possession set forth in Penal Law § 220.25 (1), which, under the circumstances of this case, applied to him (*see People v Leyva*, 38 NY2d 160, 166 [1975]; *People v Gonzales*, 235 AD2d 493 [1997]), and the evidence adduced at trial supported the jury's finding that the defendant possessed Ketamine with the intent to sell it (*see People v Huebert*, 30 AD3d 1018 [2006]; *People v Ruiz*, 266 AD2d 319 [1999]; *People v Gallego*, 155 AD2d 687 [1989]; *People v Jones*, 138 AD2d 405 [1988]). Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.